LORENZO PRESTON *v.* THOMAS H. GRANT.

*Accord and Satisfaction.    Tender.*

To constitute an accord and satisfaction by the tender and acceptance of money, it is necessary that the money should be offered in satisfaction of the claim and that the offer be accompanied by such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand that if he takes it, he takes it subject to such condition. When a tender is thus made, the party to whom it is made has no alternative but to refuse it or to accept it in full satisfaction of his claim ; and no protest, declaration or demand of his can vary the result, so long as the condition of the tender is insisted on.

Where the party making a tender upon a promissory note only said that he tendered the sum offered as the balance due upon the note ; *held,* that there was nothing in this language that could fairly convey the idea to the party to whom the tender was made, that it was offered upon the condition that if he took it he did so in satisfaction of the note.

This tender was made to an agent of the owner of the note, who held it for collection. The agent received the money saying he would take it to the owner of the note and the latter might do as he had a mind to, and the amount was afterwards endorsed upon the note ; *held* that neither the language nor conduct of the agent, when he received the money indicated that he understood, that if he received the money it was on condition that he should do so in satisfaction of the note.

*Held* further, therefore, that this transaction did not amount to an accord and satisfaction ; but that the tender was one which the party to whom it was made had a right to accept and apply on the note, and sue for the balance claimed by him to be still due thereon.

ASSUMPSIT upon a promissory note, dated October 23, 1857, for seventy-eight dollars, made by the defendant, and payable on demand to D. F. Dennison or bearer with interest.

The referee, to whom the case was referred, reported the following facts :   On the note in question were these indorsements, " Oct. 27, 1857, received forty-five dollars. Received Feb. 20, 1858, on the within three and ten one-hundredths dollars," The defendant's evidence tended to show that the note was executed for the balance of the purchase money of a carriage and harness which the defendant bought of the payee, and that the harness included in the purchase, and valued at thirty dollars, was returned October 27, 1857, and by an agreement between them

Preston *v.* Grant.

should have been endorsed on the note at that sum. This was contradicted by the testimony of the plaintiff. In the fall of 1857, Dennison, the payee, became insolvent and turned out this note to the plaintiff to secure another note upon which Dennison and a brother of the plaintiff were liable to a bank in Brattleboro, and afterwards the note in suit was placed in the hands of one Stone to collect the balance due thereon, and pay it to the bank upon the note for which the note in controversy was held as collateral security. While the note in question was in the hands of Stone for this purpose, the defendant was called on for payment and a controversy arose between Stone, the plaintiff, and the defendant as to the amount due thereon, the defendant insisting that the sum of thirty dollars, being the value of the harness above mentioned, should have been endorsed upon the note under date of Oct. 27, 1857.

The referee reported that he was satisfied from the testimony that it was not understood between Dennison and the defendant that the thirty dollars should be endorsed upon the note and that the defendant did not so consider or intend until after the failure of Dennison. And being satisfied that the plaintiff became the owner of the note before the commencement of this suit, the referee found for the plaintiff to recover of the defendant the sum of thirty-four dollars and twenty-three cents, for principal and interest, subject, however, to the following legal question: The referee found from the evidence that on the 20th of February, 1858, while the note was in the hands of Stone for collection, and after the interview above mentioned between Stone, the plaintiff and the defendant, the defendant tendered to Stone the sum of three dollars and ten cents, saying that "he tendered said sum as the balance due upon said note;" that Stone received the same saying " he would take it to the bank, and they might do as they were a mind to," and that he afterwards endorsed the same upon the note, being the endorsement of Feb. 20, 1858, above given. The referee further reported that he was of opinion that this conduct and action of Stone amounted in law to an accord and satisfaction, and was a bar to the plaintiff's recovery ; and he therefore found for the defendant to recover his costs But if the court should decide that the referee

erred in this opinion, then he found for the plaintiff to recover thirty-four dollars and twenty-three cents, and his costs.

The county court, at the September term, 1860, REDFIELD, CH. J., presiding, rendered judgment on the foregoing report for the defendant, to which the plaintiff excepted.

*Davenport & Haskins*, for the plaintiff.

*T. H. Streeter* and *Stoughton & Grant*, for the defendant.

PIERPOINT, J.   The referee in this case has reported that there is due to the plaintiff from the defendant the sum of thirty-four dollars and twenty-three cents, unless the facts reported by him amount in law to an accord and satisfaction of the claim so as to bar the plaintiff's right of recovery.   The referee finds that before the commencement of this suit, " the defendant tendered to one Stone (who then had the note as the attorney of the Bank of Brattleboro, to which the notes had been transferred) the sum of three dollars and ten cents, saying that he tendered said sum as the balance due upon said notes ; that said Stone received the same " saying he would take said amount to the bank and that they might do as they were a mind to," and that he afterwards endorsed the same upon said note." To constitute an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered, is bound to understand therefrom, that if he takes it, he takes it subject to such condition.

When a tender or offer is thus made the party, to whom it is made, has no alternative but to refuse it, or accept it upon such condition.   If he takes it his claim is cancelled, and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result.   This principle is too well settled in this State to require either argument or the citation of authorities to support it.

Do the facts reported amount to such an offer and acceptance ? The defendant said, "I tender the sum as the balance due on the

note." This is merely an assertion of what he claims and an identification of the demand upon which he makes the tender. It is simply saying "I tender this sum it being all that is due upon the note." This we think is the only fair construction that can be put upon the language. It would be somewhat difficult for a man to make a tender of what he conceded to be due upon a particular demand in more simple and unequivocal language than that adopted in this case. It is only expressing in words the intent and purpose with which any tender is made. The person who makes a tender does it because it is the amount or balance that he concedes to be due, and he makes it for that reason, and if he declares it to be so, it does not change the character of the act. If such language is to be construed into a condition, a man could hardly make a tender that should be sufficiently certain and explicit to be proved as applicable to a particular demand, without destroying its effect as a tender, for the reason that it was conditional.

There is nothing in the language used that could fairly convey the idea to Stone that it was offered upon the condition that if he took it, he did so in satisfaction of the note. Neither does the language or conduct of Stone when he received it indicate that he understood it. He received the tender, understanding that the defendant claimed that sum to be all that was due; he accepted the tender, and said he would take it to the bank and they might do as they pleased, and that is precisely what every person does and has a right to do when money is tendered to him, he may accept it and abandon any further claim, or he may apply it on the claim, and sue for the balance, " he may do as he has a mind to" in regard to that. In this case the money was indorsed on the note, and this suit afterwards brought for the balance. Construing the report as we do, the transaction falls far short of an accord and satisfaction. It might be said perhaps that the evidence in the case, had some tendency to show an accord and satisfaction, and if the referee had found the fact that the parties understood it as an accord and satisfaction, such finding might have been conclusive, but he has not done so, but decided that upon the facts reported, it was an accord and satisfaction as a matter of law.

It is contended that this case comes within the principle recognized in *McGlynn* v. *Billings*, 16 Vt. 330. The cases are widely different. In that case there was no attempt to make a tender and neither party could have so understood it. The defendant in that case offered the plaintiff an order drawn by himself upon another person, as the balance due to him; the plaintiff declined receiving it, and, the defendant then put the order into the hands of a third person, and directed him, in the presence of the plaintiff, to deliver it to the plaintiff, provided he would receive it as the balance due to him. The plaintiff did subsequently receive it. The court held that such an acceptance by the plaintiff, he knowing the terms upon which it was offered, operated as a settlement of his claim, notwithstanding the party when he took the order, declared that he did not receivé it in full.

The cases of *Cole* v. *The Transportation Co.* 26 Vt. 87; *McDaniels* v. *Lapham*, 21 Vt. 222, and *McDaniels* v. *The Bank of Rutland*, 29 Vt. 230, were all decided, so far as this question is concerned, upon the ground that the offer was made upon the express condition that if accepted it was to be in full, and so understood by the parties.

In *Miller* v. *Holden* 18 Vt. 337; *Gassett* v. *Andover* 2 Vt. 342, and *Brigham* v. *Davis* 29 Vt. 1, it was held that the acceptance of the money did not discharge the claim, on the ground that it was not accepted with the understanding that it was to be in full.

The principle recognized in all of these cases, when applied to the case under consideration, places the plaintiff's right to recover the amount found to be due on the note, beyond controversy.

Judgment of the county court reversed, and judgment for the plaintiff to recover the sum of thirty-four dollars and twenty-three cents with the interest thereon and costs.