# BENNINGTON COUNTY,

[ Continued from *ante*, page 267.]

-----------

RUFUS TOWSLEE *v.* JOHN HEALEY.

*Tender.   Accord and Satisfaction.*

During the session of the court at its regular term after this suit was commenced, the defendant tendered to the plaintiff fifty-five dollars in full for this suit then pending, and the costs as well as the debt, and asked the plaintiff if he would take the money.  The plaintiff replied, " yes, and twenty dollars more."  He took and used the money so tendered, "claiming more to be due to him."  *Held,* that the acceptance under such an offer cancelled the claim notwithstanding the declaration of the plaintiff, that he wanted or claimed more.

THIS was an action of book account.  On the hearing of the auditor's report and exceptions thereto, at the June Term, 1866, KELLOGG, J., presiding, the court, *pro forma*, decided that the plaintiff was entitled to recover of the defendant the balance reported by the auditor as due from the defendant to the plaintiff, to balance book accounts between them, and rendered judgment in favor of the plaintiff against the defendant accordingly,—to this decision and judgment the defendant excepted.   The facts are stated in the opinion.

*John H. Flagg*, for the defendant.

*T. Sibley*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. The only question which this case requires us to decide relates to the tender of $55. made by the def.ndant and received by the plaintiff. The auditor finds that, after this suit was commenced, and after the commencement of the December Term of the county court, in the year 1865, and during that term the defendant tendered to the plaintiff fifty-five dollars, in full, for this suit then pending, and the costs as well as the debt, and asked the plaintiff if he would take the money. The plaintiff replied, "*yes*, and twenty dollars more." He took and used the money so tendered, "claiming more to be due to him." It is well settled in this state that, when a sum of money is tendered or offered in satisfaction of a claim, and the tender or offer is accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such condition, an acceptance under such an offer constitutes an accord and satisfaction, notwithstanding the party when he took the money claimed more, or declared he did not take it in full. *McGlynn* v. *Billings*, 16 Vt. 330; *Cole* v. *The Transportation Company*, 26 Vt. 87; *McDaniels* v. *Lapham*, 21 Vt. 222; *McDaniels* v. *The Bank of Rutland*, 29 Vt. 230, and *Preston* v. *Grant*, 34 Vt. 201. We are clearly of opinion that the facts reported amount to such an offer and acceptance. The suit was then pending, and costs had accrued for which the defendant was liable if he owed any part of the debt. The defendant said, "I tender fifty-five dollars in full for the debt and costs of suit, and asked the plaintiff if he would take the money." The offer made by the defendant, and his inquiry of the plaintiff, if he would take the money, must be taken and construed together; and the plaintiff was bound to understand from the language of the defendant's inquiry that it was as broad as his offer. The defendant offered fifty-five dollars,—it was offered in full satis-

faction of the debt and costs, and the fair meaning of the defendant's inquiry of the plaintiff was, will you take the money in full satisfaction of the debt and costs. The language of the defendant's offer, and his inquiry, fairly conveyed to the plaintiff the idea that the money was offered upon condition that if he took it he did so in satisfaction of the claim. The first part of the plaintiff's answer to the defendant's offer and inquiry was, "yes," from which the defendant might well understand that the plaintiff would accept the money for the purpose and to the extent it was offered. The defendant's inquiry called for an affirmative or negative reply and nothing more ; but the plaintiff, after answering the defendant's question added, "and twenty dollars more," and took and used the money so tendered, "claiming more to be due to him." It does not appear that the plaintiff said, at the time he received the money, or that he in any way indicated to the defendant that he did not accept the money in full. There is nothing in the language of the plaintiff, as reported to us, in respect to the transaction, from which the defendant could infer that the plaintiff did not fully understand the condition upon which the money was offered and must be accepted, if accepted by the plaintiff, nor is there anything in the plaintiff's language that could fairly qualify his acceptance. It is clear, we think, from the facts reported by the auditor, that the money was offered upon the condition that if accepted it was to be in full, and so understood by the parties. Upon such an offer the acceptance of the money canceled the claim, notwithstanding the declaration of the plaintiff that he wanted or claimed more.

The judgment of the county court is reversed and judgment for the defendant to recover his costs.