A. LAURA THOMPSON v. GEORGE J. TOWNSEND.

*Costs—Reduction of demand by tender.*

Costs do not go to the defendant where the amount of plaintiff's recovery has been brought below $100 by tender.

Error to Cass. Submitted June 19. Decided July 2.

ASSUMPSIT. Plaintiff brings error.

*M. A. Thompson* for plaintiff in error.

*Harsen D. Smith* for defendant in error. Where a claim falls below $100 and is not reduced by set-off, defendant recovers costs. *Strong v. Daniels*, 3 Mich., 466; *Inkster v. Carver*, 16 Mich., 484; *Ladd v. Duncan*, 23 Mich., 285; *Ramsay v. Kittridge*, id., 488; *Mandigo v. Mandigo*, 26 Mich., 349; *Carter v. Snyder*, 27 Mich., 484; *Stortz v. Ingham Circ. Judge*, 38 Mich., 243; *Dikeman v. Harrison*, 38 Mich.

GRAVES, J. Mrs. Thompson brought her action in the circuit court upon an account stated between defendant and Merritt A. Thompson for one hundred and seventy-five dollars, and which as she averred the latter

had assigned to her. The declaration was explicit and confined the cause of action to this claim. The defendant gave notice with the general issue of a tender of one hundred and fifty-five dollars and one cent and of matter of set-off exactly equal in amount to the remainder of the plaintiff's claim.

At the same time he entered a rule in the common rule book that he have leave to pay into court the sum tendered and admitted to be due, and that the same, unless accepted by the plaintiff in full discharge of the action, be struck out of the declaration, and further that such money be paid out of court to the plaintiff or her attorney, and she be precluded from giving evidence for it on the trial of the issue. The fact of payment into court does not appear to have been entered, but the record shows a receipt from the plaintiff's attorney to the clerk two days after the rule, mentioning the payment into court and acknowledging the receipt of the money by the plaintiff's attorney.

Soon afterwards the defendant's attorney amended his notice by adding a further claim for set-off, and a motion was made to strike this proceeding from the files and refused.

The plaintiff proceeded with her case, and over and above the one hundred and fifty-five dollars and one cent which had been paid into court, the jury found in her favor for fourteen dollars and thirty-nine cents.

Thereupon the circuit judge caused an entry to be made that the plaintiff's claim as established at the trial did not exceed one hundred dollars and was not reduced below that sum by set-off (Comp. L., §§ 7426, 7390, and subd. 5 of § 7387), and being of opinion that the effect of the different provisions entitled the defendant to full costs notwithstanding the verdict against him for damages, ordered judgment accordingly.

The defense of tender was at common law and not under the statute, which provides for a tender after suit brought.

We think the court erred. The case is not governed by the statutes which have been relied on. The broad language if taken literally would probably include the case, but such a construction is inadmissible. The great purpose was to discourage appeals to the original jurisdiction of the circuit court upon all claims not exceeding one hundred dollars brought on contracts, and not to embarrass suitors or entangle them in senseless technicalities.

In tendering and paying into court one hundred and fifty-five dollars and one cent of the one hundred and seventy-five dollars claimed by the plaintiff's declaration, the defendant solemnly admitted on the record that he owed that sum and that the plaintiff was entitled to it in this cause, and the amount was above the sum proper for carrying costs.

Whether the plaintiff should or should not get costs did not depend upon her making out thereafter a right to have of the defendant a sum above one hundred dollars. Her right to have more than that was already established irrevocably by the admission of the defendant. The right to costs hinged upon a different consideration, and it was whether she made out a right to have of the defendant more than the one hundred and fifty-five dollars and one cent tendered and paid into court. That sum was devoted to her whatever might be the event, and the defendant could not regain it even though it should turn out that he was not indebted at all. In case of failure by the plaintiff to prove herself entitled to more than one hundred and fifty-five dollars and one cent, the defendant would be entitled to full costs; and on the other hand, in the event of her proving a right to have more than that, she would be entitled to full costs.

She did prove it. We do not see that the rights of the parties in regard to this question of costs were at all influenced by the fact that the plaintiff took the money out of court. When the verdict was returned by the

jury it was established by the record that the plaintiff's claim was one hundred and sixty-nine dollars and forty cents, and that the whole amount was justly owing from the defendant when the suit was commenced. If the view sanctioned by the court below were allowed to prevail it would lead to singular results.

In all such cases the right of the defendant to tender and pay into court is unquestionable. When made, the fund is devoted to the plaintiff, and according to the theory maintained, the amount of it, in case the tender is not accepted in full, is to be deemed as withdrawn from the litigation, and stricken from the declaration, and in case the plaintiff proves a sum beyond, the verdict is to be confined to such excess. Hence, according to the practice pursued by the circuit court, the defendant must always have it in his power to throw the costs upon his adversary by the expedient of a timely tender and payment into court of a sum less than the debt, and barely sufficient to reduce it below one hundred dollars at the time of verdict. For example, when the demand is a note calling for three hundred dollars, the debtor need only tender two hundred and one dollars to compel the creditor to pay all the costs. The verdict would necessarily be less than one hundred dollars, and without having been brought below that sum by set-off. The statutes in question were not designed to operate so unreasonably. The other points require no notice. The whole controversy relates to costs. The case may be set right by reversing the judgment and entering one in this court for the amount of the verdict, fourteen dollars and thirty-nine cents, and interest thereon from its date, March 6, 1879, with costs of both courts in plaintiff's favor.

The other Justices concurred.