## BOSTON RUBBER COMPANY v. PEERLESS WRINGER COMPANY.

### Accord and Satisfaction.

To constitute an accord and satisfaction the money must be offered in satisfaction of the claim, with such acts and declarations as amount to the condition that if accepted it be in satisfaction, and such that the payee is bound to understand, that if he takes it, he takes it subject to the condition; thus, the defendant sent to the plaintiff a statement of its account, a note for the apparent balance, and a letter explaining some items and ending, "Trusting you will find this correct and satisfactory," etc. The plaintiff kept the note; but there was nothing that indicated that it was offered in satisfaction of the account, or that any condition was attached to its acceptance; *Held*, not to be an accord and satisfaction.

ASSUMPSIT. Heard on a referee's report, March Term, 1886, POWERS, J., presiding. Judgment for the plaintiff.

*C. W. Porter,* for the plaintiff, cited *Preston* v. *Grant,* 34 Vt. 201; *Dana* v. *Brigham,* 29 Vt. 1; *Miller* v. *Holden,* 18 Vt. 341.

*Pitkin & Huse,* for the defendant, cited *McDaniels* v. *Lapham,* 21 Vt. 222; *McDaniels* v. *Bank of Rutland,* 29 Vt. 230; *Towslee* v. *Healey,* 39 Vt. 522; *Bromley* v. *School District,* 47 Vt. 381; *Donahue* v. *Woodbury,* 6 Cush. 148; *Potter* v. *Douglass,* 44 Conn. 541.

The opinion of the court was delivered by

TAFT, J.   Did the transaction between the parties amount to an accord and satisfaction?   What amounts to one is well stated in *Preston* v. *Grant,* 34 Vt. 201, viz.: " To constitute an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered, is bound to understand therefrom, that, if he takes it, he takes it subject to such condition." See *Towslee* v. *Healey,* 39 Vt. 522, and cases cited in Rob. Dig. 2.   Do the facts reported by the referee bring this case within the rule as above stated?   On the first day of April, 1881, the defendant sent to the plaintiff a statement of the account; on the 20th of the same month a similar statement was sent, with a note for the apparent balance, and a letter in explanation of some of the items, the letter ending as follows: " Trusting you will find this correct and satisfactory, we remain." The plaintiff kept the note and wrote the defendants, giving its view of the items in controversy.   There was nothing in the correspondence referred to which indicated in the slightest degree that the note was offered in satisfaction of the account.   It simply covered an admitted balance, and was in the usual mode of payment.   There was no act or declaration accompanying the giving of the note that

amounted to a condition that, if it was accepted, it was to be in satisfaction of the claim; nothing to give the plaintiff to understand that, if he took it, he took it subject to such a condition. The case is lacking all the substantial elements of an accord and satisfaction.

Judgment affirmed.