## EUGENE TOMPKINS *vs.* NOBLE H. HILL.

Suffolk. Nov. 14. — Dec. 5, 1887. DEVENS & W. ALLEN, JJ., absent.

A. had a claim against B. for one third of the net profits of an enterprise in which they were jointly engaged. He sent a letter, requesting B. to render an account. B., in reply, sent a letter, enclosing an account, in which he credited A. with one third of the profits, and charged him with a certain sum, claimed to be due for B.'s services, and also enclosing a check for the balance of the account thus stated. A. credited the check to B. on account, and forthwith demanded of B. payment of the sum so charged to him by B.; and, upon B.'s refusal to pay, brought an action against him. *Held,* that the facts did not show an accord and satisfaction; and that the action could be maintained.

CONTRACT, in three counts. The first count was for money had and received to the plaintiff's use. The second count was for a balance due under an oral agreement. The third count was for a balance found due on an accounting together. Answer: 1. A general denial. 2. Accord and satisfaction. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*C. H. Sprague*, for the defendant.

*L. L. Scaife*, for the plaintiff, was not called upon.

MORTON, C. J. If a creditor, having an unliquidated or disputed claim against his debtor, accepts a sum smaller than the amount claimed in satisfaction of the claim, he cannot afterwards maintain an action for the unpaid balance of his original claim. *Tuttle* v. *Tuttle*, 12 Met. 551. *Donohue* v. *Woodbury*, 6 Cush. 148. This proceeds upon the ground that the parties have agreed to settle an unliquidated or disputed claim, or, in other words, have agreed to an accord and satisfaction of such claim.

In the case before us, the facts agreed do not show any such accord and satisfaction. The plaintiff had a claim against the defendant for one third of the net profits of an enterprise in which they were jointly engaged. He sent a letter requesting the defendant to render an account. The defendant, in reply, sent a letter enclosing an account, in which he credited the plaintiff with one third of the profits, and charged him with an item of $260, claimed to be due for the defendant's services, and also enclosing a check for the balance of the account thus stated. The plaintiff credited the check to the defendant on account, but he did not agree to accept it in satisfaction of his claim. On the contrary, he forthwith demanded payment of the said amount of $260 of the defendant, and, upon his refusal to pay, at once brought this suit. The case stands, in legal effect, the same as if the defendant had presented his account and check in a personal interview, and the plaintiff had refused to agree to the account, or to accept the check in full satisfaction. It shows no agreement to compromise, and no accord and satisfaction ; and the plaintiff is entitled to recover the balance due him.

*Judgment affirmed.*