## COOLEY *v.* KINNEY.

1. TRIAL—CHANGE OF THEORY ON RETRIAL—SUBMISSION TO JURY.
   The submission of a cause to the jury on another theory than that upon which it was submitted on a former trial is not error, where there was evidence on the earlier trial to support a recovery upon the theory finally prevailing.

2. ACCORD AND SATISFACTION—MONEY PAID INTO COURT—CONDITIONS OF RECEIPT.
   The receipt by plaintiff of money paid into court by the defendant in acknowledgment of liability is not an accord and satisfaction, so as to deprive plaintiff of the right to prosecute the suit for the balance claimed, unless the payment is accompanied by a condition that, if accepted, it must be taken in full satisfaction of the claim.

Error to Van Buren; Buck, J. Submitted January 3, 1899. Decided February 21, 1899.

*Assumpsit* by Cora Cooley against Hiram A. Kinney upon an account stated. From a judgment for plaintiff, defendant brings error. Affirmed.

The former decision in this case is found in 109 Mich. 34. A reading of it will show the theory upon which it was then submitted to the court. Upon the former trial the plaintiff's bill of particulars was for—*First,* balance struck and found to be due in consideration of the dis-

charge of the mortgage, $400; *second,* for labor performed for defendant by plaintiff, 100 weeks, at $2 per week, $200. Upon the second trial an amended bill of particulars was filed, claiming $400 balance struck and found to be due in consideration of the discharge of the mortgage, and for work and labor, and that plaintiff remain with the defendant and perform household duties for him in the future, and that she desist from leaving the household, as she then contemplated. The case was fairly submitted to the jury upon the question of whether such an agreement was made. The jury found that it was made, and rendered a verdict for $453.43.

*L. A. Tabor,* for appellant.

*T. J. Cavanaugh,* for appellee.

GRANT, C. J. (*after stating the facts*). It is urged that there was no testimony to sustain the verdict. We cannot concur in this view. Plaintiff testified that the defendant agreed to give her his note for $350, and "told me, if I stayed there, and worked, that I should have the $400;" and that she remained upon the faith of that promise, and performed the services agreed upon. An examination of the former record in the case shows similar testimony on her part. While the case was before submitted to the jury in reliance upon the consideration for the discharge of the mortgage, this did not prevent the recovery in this case upon the other theory.

There are many assignments of error, most of which relate to the refusal to give certain requests and to the instructions given. We find no error in them. The theories of both plaintiff and defendant were fairly submitted to the jury. The testimony was in direct conflict as to the agreement.

One point should perhaps be mentioned. Defendant admitted that there was due plaintiff $167, and paid the money into court. The clerk shortly thereafter paid this money over to plaintiff, through her attorney. Defendant

urges that this was an accord and satisfaction, while plaintiff insists that it was not. Defendant gave evidence tending to show that he had made a tender of this amount, accompanied by the statement that, if taken, it must be in full of all her claims against him, and that he subsequently deposited the money in court to keep that tender good. On the other hand, plaintiff gave evidence tending to show that the money was not tendered to her, nor accepted by her attorney, in full of all demands. This question was also left to the jury, and by them determined against the defendant. The receipt of money paid into court, unless accompanied by the condition that, if taken, it must be taken in full satisfaction of the claim, does not bar the right to prosecute the suit. By the payment into court, the defendant admits his liability to that amount, and it belongs to plaintiff, and may at any time be withdrawn by him. *Hill* v. *Smith,* 34 Vt. 548; *Hilliard* v. *Noyes,* 58 N. H. 312; *Thompson* v. *Townsend,* 41 Mich. 346; *Phelps* v. *Town,* 14 Mich. 374.

Judgment affirmed.

The other Justices concurred.