ANDREW O. HILLESTAD v. NELS K. LEE.[1]

January 22, 1904.

Nos. 13,740—(199).

**Accord and Satisfaction.**

Where a claim is unliquidated or in dispute, and the creditor is tendered an amount less than his claim upon the condition that if it be accepted it must be in satisfaction of his claim, his acceptance of the tender is an accord and satisfaction.

**Part Payment.**

The acceptance by a creditor of a check for a part of his disputed claim will not operate as an accord and satisfaction unless the check recites, in

[1] Reported in 97 N. W. 1055.

effect, that it is in full payment of the claim, or it be so declared, expressly or by necessary implication, when the check is tendered.

**Evidence.**

The evidence in this case does not establish an accord and satisfaction as a matter of law.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $185.90. Reversed, and judgment ordered for plaintiff.

*C. A. Nye,* for appellant.

*G. Halvorson,* for respondent.

START, C. J.

Action to recover a balance of $189.82, which the plaintiff claimed the defendant owed him for labor performed as a helper in the defendant's blacksmith shop, in the village of Hawley, this state, from May, 1901, to August, 1902, for the agreed wages of one dollar per day for the first year, and one dollar fifty cents per day for the rest of the time, with board and lodging for the whole time. The answer denied that the defendant agreed to board and lodge the plaintiff as a part of his compensation for his work, and set up a counterclaim for the reasonable value of his board and lodging, and, as further defense, alleged facts tending to show an accord and satisfaction of the plaintiff's claim, which were put in issue by the reply. There was a verdict for the plaintiff in the sum of $185.90. The trial judge granted the defendant's motion for a new trial. The order granting a new trial stated no reason for such action, but annexed thereto was a memorandum in these words:

> "I think a new trial should be granted in this case upon the ground that it is shown by the evidence that any right of action the plaintiff may have had against the defendant was at the time of the commencement of this action barred by an accounting and settlement between the parties, and for that reason deem it unnecessary to refer to other alleged errors pointed out by defendant's counsel."

The plaintiff appealed from the order.

It must be assumed from the order that a new trial was not granted on the ground that the verdict was not justified by the evidence, the trial court not having expressly stated either in the order or memorandum that a new trial was granted because the verdict was not justified by the evidence. Laws 1901, p. 51 (c. 46); Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 88; Smith v. Minneapolis Street Ry. Co., supra, page 239. The question, then, to be decided, is whether any errors of law were made on the trial which justify the order granting a new trial. There were none, unless it was error to submit the case to the jury, for the reason that, as stated in effect in the trial judge's memorandum, the undisputed evidence shows that the plaintiff's cause of action was barred by an accounting and settlement between the parties.

There was little dispute between the parties as to the number of days the plaintiff worked, or as to the wages he was to receive therefor. The plaintiff boarded and lodged with the defendant when working for him, and the real dispute between the parties was whether the plaintiff agreed to pay the defendant the reasonable value thereof. The evidence was ample to sustain a finding by the jury that the defendant was to board and lodge the plaintiff, as claimed by him. The evidence as to the plea of accord and satisfaction was substantially this: The defendant testified that on December 29, 1902, he mailed to the plaintiff an itemized account, in which the plaintiff was charged $154 for board, leaving a balance due the plaintiff of $45.40, and at the end thereof were written the words, "Inclosed find check No. 44 for $45.40"; that the check was payable to the order of the plaintiff, with the words, "Balance of account in full to date," written thereon. The check was mailed with the account. The plaintiff testified that he received the account and check about January 1, 1903; that he indorsed the check and received the money thereon, but that the words, "Balance of account in full to date" were not on the check at the time he received and indorsed it; and, further, that he did not accept the check in full payment of his claim, but in part payment, and that such was his intention. This action was brought not more than nineteen days after the plaintiff received the account and check.

For the purpose of this appeal, we must assume, in accordance with the plaintiff's testimony, that the words, "Balance of account in

91 M.—22

full to date," were not on the check when the plaintiff received and indorsed it, for, the jury having found a verdict for him, the most favorable view for him of the evidence must be accepted. Does this evidence establish, as a matter of law, an accord and satisfaction of the plaintiff's demand? We answer the question in the negative, for the evidence made the question one of fact for the jury. Where a claim is unliquidated or in dispute, and the creditor is tendered a less sum than his claim upon the condition that, if it be accepted, it must be in full satisfaction of his entire claim, his acceptance of the tender is an accord and satisfaction. Marion v. Heimbach, 62 Minn. 214, 215, 64 N. W. 386. To constitute an accord and satisfaction, within this rule, it is necessary that the money should be offered and be accompanied with such acts and declarations as amount to a condition that, if the money is accepted, it must be in satisfaction of the entire claim, and such that the party to whom it is offered is bound to understand therefrom that, if he takes the money, he takes it subject to such condition. Preston v. Grant, 34 Vt. 201, 203; 1 Cyc. 332.

Ordinarily the acceptance by a creditor of a check for a part of a disputed claim will not constitute an accord and satisfaction, although the check agrees in amount with the balance due as claimed by the debtor. In order to make it so, the check must recite, in effect, that it is in full payment of the claim, or be so declared, expressly or by necessary implication, when the check is tendered. Van Dyke v. Wilder, 66 Vt. 579, 29 Atl. 1016; Eames v. Prosser, 157 N. Y. 289, 51 N. E. 986. Now, eliminating the disputed recital in the check in this case, there is no evidence to warrant the conclusion, as a matter of law, that the check was expressly or by necessary implication tendered upon the condition that, if accepted, it must be in satisfaction of the plaintiff's claim. There was no declaration in either the check, or in the statement of account accompanying it, that the check must be accepted, if at all, in satisfaction of the plaintiff's claim. It follows that the trial court erred in granting a new trial on the ground that the defense of an accord and satisfaction was shown by the evidence as a matter of law.

Order reversed and case remanded, with a direction to the trial court to cause judgment to be entered for the plaintiff on the verdict.