[Civ. No. 1176. First Appellate District.—April 4, 1913.]

## H. L. E. MEYER et al., Respondents, v. HENRY COWELL LIME & CEMENT COMPANY (a Corporation), Appellant.

ACCORD AND SATISFACTION—WHAT CONSTITUTES.—Where a certain amount is offered by a debtor upon condition that it be taken in full payment of a disputed or unliquidated claim, and the creditor, with knowledge of such condition, accepts the offer, it is an accord and satisfaction, and the creditor may not thereafter recover any further balance. But it must clearly appear that the payment is offered in full settlement, and that the creditor accepts the pay-

ment with knowledge of such condition, or with knowledge of such facts as is equivalent thereto.

ID.—ACCEPTANCE OF CHECK.—Where a debtor sends to his creditor a statement and a check for the balance shown by the statement, and the creditor gives a receipt for the amount of the check, the acceptance of the check does not, as a matter of law, operate as an accord and satisfaction; there being nothing upon the face of the check, nor upon the statement, that expressly or by necessary implication informs the creditor that the offer of the check is upon the condition that it be accepted in full payment of his claim.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Page, McCutchen, Knight & Olney, and J. M. Mannon, Jr., for Appellant.

Pillsbury, Madison & Sutro, for Respondents.

HALL, J.—This is an appeal from a judgment in favor of plaintiffs and from an order denying defendant's motion for a new trial.

Plaintiffs sold defendant a cargo of cement, at the agreed price of $2.90 per barrel, payable on delivery, which was completed November 18, 1907. The amount payable under the contract, which was in writing, on that date, was $70,064.07. Upon account of the condition of the money market, defendant was unable to make payment in money, but did arrange with plaintiffs to procure for them a New York draft for fifty thousand dollars. Plaintiffs took the draft and discounted the same at a loss of two hundred and fifty dollars, and credited defendant with the net proceeds of such draft $49,750, and at once so notified defendant. There is a sharp conflict in the testimony as to whether or not plaintiffs had agreed to accept such draft on account at its face or at its discount value. But it is certain that thereafter a controversy existed between plaintiffs and defendant as to who should bear the loss of the discount. The evidence shows that plaintiffs made frequent demands upon defendant to pay the balance unpaid. Upon February 3, 1908, defendant sent to plaintiffs a state-

ment, in which defendant charged itself with the $70,064.07, as the amount for the cargo of cement, and credited itself with the face of the draft fifty thousand dollars. The account contained some other debits and credits, not in any way disputed, and showed a balance in favor of plaintiffs in the sum of $19,537.37, for which amount defendant, with the statement, sent its check payable to plaintiffs. Plaintiffs took the check, gave a receipt for the amount thereof, and upon the same day sent to defendant a statement of account showing a balance in favor of plaintiffs in the net sum of $610.20, after giving credit for the check of $19,537.37. This balance was made up of the two hundred and fifty dollars discount above referred to, and interest at the legal rate upon the unpaid balance upon the cargo of cement. This statement was accompanied by a letter calling attention to the claim of plaintiff for the two hundred and fifty dollars paid as discount on the draft, and the claim and charge of plaintiffs for interest on the overdue balance unpaid upon the cargo of cement.

As shown by the statement sent by plaintiffs to defendant, the two hundred and fifty dollars and the interest on the unpaid balance amounted to $610.20, for which suit was brought and judgment obtained.

The sole contention of appellant upon this appeal is that the acceptance of the check for $19,537.37, which accompanied the statement, sent by appellant to plaintiffs, showing the balance in favor of plaintiffs to be $19,337.37, constituted an accord and satisfaction. The trial court held otherwise, and gave judgment for plaintiffs as prayed for.

Unless the acceptance of such check under the circumstances above set forth does, as a matter of law, constitute an accord and satisfaction, the judgment and order of the trial court must be affirmed.

We are satisfied that the acceptance of such check under the circumstances disclosed by the record in this case did not as a matter of law constitute an accord and satisfaction. Where a certain amount is offered by a debtor upon condition that it be taken in full payment of a disputed or unliquidated claim, and the creditor, with knowledge of such condition, accepts the offer, it is an accord and satisfaction, and the creditor may not thereafter recover any further balance.

"To constitute an accord and satisfaction it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction, and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition. The fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to the extent of the payment made, does not necessarily establish an accord and satisfaction." (1 Cyc. 331, 332.)

It must clearly appear that the payment is offered in full settlement, and that the creditor accepted such payment with knowledge of such condition, or with knowledge of such facts as is equivalent thereto. (*Tompkins* v. *Hill*, 145 Mass. 379, [14 N. E. 177]; *Boston Rubber Co.* v. *Peerless Wringer Co.*, 58 Vt. 551, [5 Atl. 407]; *Harrison* v. *Henderson*, 67 Kan. 194 [100 Am. St. Rep. 386, 62 L. R. A. 760, 72 Pac. 875]; *Board of Comm'rs* v. *Durnell*, 17 Colo. App. 85, [66 Pac. 1073]; *Curran* v. *Rummell*, 118 Mass. 482; *Brigham* v. *Dana*, 29 Vt. 1; *Fulton* v. *Monona Co.*, 47 Iowa, 622; *Asher* v. *Greenleaf*, 68 Kan. 29, [74 Pac. 632]; *Cooley* v. *Kinney*, 119 Mich. 377, [78 N. W. 332]; *Preston* v. *Grant*, 34 Vt. 201; *Hillestad* v. *Lee*, 91 Minn. 335, [97 N. W. 1055].)

In the case at bar the debtor simply sent a statement and a check for the balance shown by such statement, and the creditor gave a receipt for the amount of the check. Nowhere upon the check nor upon the statement, nor upon the receipt, was it stated that the check was offered upon condition that it be accepted in full payment. No case has been called to our attention where it has been held that the acceptance of a check corresponding in amount with the balance shown by the statement sent with the check, by the creditor, constituted as a matter of law an accord and satisfaction, unless the check upon its face contained a statement that it was in full payment, or unless the offer was clearly in some unequivocal way made upon such condition.

In *Hillestad* v. *Lee*, 91 Minn. 335, [97 N. W. 1055], the essential facts were very like those in the case at bar. The debtor sent a statement showing a credit which he claimed upon an unliquidated demand against the creditor, but leav-

ing a balance due the creditor, for which the debtor sent his check. The creditor collected the check and gave credit for the amount thereof, and sued for the balance. The check when produced in court contained the words "Balance of account in full to date," but the plaintiff testified that when he received and indorsed the check such words were not on it. The court held that under the evidence the question of accord and satisfaction was for the jury. The court said: "Ordinarily the acceptance by a creditor of a check for a part of a disputed claim will not constitute an accord and satisfaction, although the check agrees in amount with the balance due as claimed by the debtor. In order to make it so, the check must recite, in effect, that it is full payment of the claim, or be so declared expressly or by necessary implication, when the check is tendered" (citing cases). "Now, eliminating the disputed recital in the check in this case, there is no evidence to warrant the conclusion as a matter of law that the check was expressly or by necessary implication tendered upon the condition that, if accepted, it must be in satisfaction of the plaintiff's claim. There was no declaration in either the check, or in the statement of account accompanying it, that the check must be accepted, if at all, in satisfaction of the plaintiff's claim." (*Hillestad* v. *Lee,* 91 Minn. 335, [97 N. W. 1055].) See, also, *Tompkins* v. *Hill,* 145 Mass. 379, [14 N. E. 177]; *Boston Rubber Co.* v. *Peerless Wringer Co.,* 58 Vt. 551, [5 Atl. 407].)

So in the case at bar there was nothing upon the face of the check, nor upon the statement, that expressly or by necessary implication informed the plaintiff that the offer of the check was upon the condition that it be accepted in full payment of plaintiff's claim.

Under these circumstances it cannot be said that its acceptance operated, as a matter of law, as an accord and satisfaction. We therefore cannot hold that the court, as a matter of law, should have given it such effect. It was at most but a question of fact to be determined by the trial court. (*Lewis* v. *Covillaud,* 21 Cal. 179.)

There is nothing in *Creighton* v. *Gregory,* 142 Cal. 34, [75 Pac. 569], cited by appellant, inconsistent with the views above expressed. The gist of the decision in that case simply is that the circumstances in that case were sufficient to support the

finding of the trial court that the check was accepted and payment received in full settlement of plaintiff's demand.

The judgment and order are affirmed.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on May 3, 1913.