[L. A. No. 3416.   In Bank.—August 20, 1913.]

# LAPP-GIFFORD COMPANY (a Corporation), Respondent, v. MUSCOY WATER COMPANY (a Corporation), Appellant.

DEBTOR AND CREDITOR—ACCORD AND SATISFACTION—DISPUTED DEMAND—CHECK FOR LESS AMOUNT SENT TO CREDITOR—ACCEPTANCE BY CREDITOR.—Where the amount due is in dispute, and a check for an amount less than that claimed is sent to the creditor with a statement that it is sent in full satisfaction of the claim, and the tender is accompanied by such acts or declarations as amount to a condition that if the check is accepted at all it is accepted in full satisfaction of the disputed claim, and the creditor so understands, its acceptance by the creditor constitutes an accord and satisfaction, even though the creditor states at the time that the amount tendered is not accepted in full satisfaction.

ID.—FACT OF DISPUTE—TENDER ON CONDITION THAT ACCEPTANCE WOULD BE SATISFACTION—CASE AT BAR.—Whether there was a dispute concerning the amount due and whether the tender was on condition that acceptance would be in full satisfaction, are primarily questions of fact for the trial court. In the present case it is held that the amount due was in dispute at the time of the acceptance and retention of the check in question, but that the evidence justified the finding that the tender was not subject to the condition that an acceptance of the check would be a satisfaction in full.

ID.—RETENTION OF CHECK NOT TENDERED ON CONDITION IT SHOULD OPERATE AS SATISFACTION.—It is an essential element of an accord and satisfaction by tender of a check, that the tender should have been made subject to the condition that an acceptance of the check would be a satisfaction in full. In the absence of such condition, the retention of the check, at least where the creditor promptly notifies the debtor that he still insists upon payment of the balance claimed, does not establish his assent to the acceptance of the sum tendered as a full settlement.

ID.—ACCEPTANCE OF CHECK IN SATISFACTION—AGREEMENT MAY BE IMPLIED.—To constitute a valid accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such. The agreement need not be express, but may be implied from circumstances.

ID.—PLEADING—ACTION ON EXPRESS CONTRACT—DELAY IN PERFORMANCE—TIME EXTENDED BY AGREEMENT OR BY DEFAULT OF OTHER PARTY. The rule that a contractor cannot maintain an action upon an entire express contract for the doing of work, where the work was

not completed within the time specified, and that he is then relegated to an action based upon a *quantum meruit*, is inapplicable where the parties had agreed upon an extension of the time within which to perform and performance was completed within such extension, or where the other party 'had neglected a duty on account whereof a strict performance could not be had within the specified time, but a subsequent performance was had within a reasonable time after the obstacle to performance had been removed. In such case, the performing party may recover upon the contract, the same being an entire one.

ID.—CONSTRUCTION OF PIPE-LINE OVER DESIGNATED ROUTE—IMPLIED COVENANT THAT OWNER HAS RIGHT TO CONSTRUCT—INTERVENING RAILROAD RIGHT OF WAY—EXCUSABLE DELAY IN PERFORMANCE.— Under a contract for the construction of a pipe-line over a fixed and determined route, the law implies a covenant on the part of the owner either that he possesses or will procure a right to construct such pipe-line over the route specified. No duty devolves upon the contractor, in the absence of an express agreement, to procure the right to cross an intervening railroad right of way. If performance of the work by the contractor be delayed beyond the time stipulated therefor by reason of the owner's failure to acquire the right to cross such right of way, no right of action accrues to the owner for damages for the delay.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Leonard & Surr, Pillsbury, Madison & Sutro, and George W. Hellyer, for Appellant.

Hutton & Williams, and Curtis & McNabb, for Respondent.

THE COURT.—This cause comes here on an order of transfer following a judgment of affirmance in the district court of appeal for the second appellate district. The facts are fully and correctly stated in the opinion of that court, and we were, at the time of ordering the transfer, and are now, of the view that there had been a correct disposition of all points presented except that relating to the plea of accord and satisfaction. We entertained some doubt on this point, but our further examination has convinced us that it, too, was rightly disposed of by the district court of appeal.

The great weight of authority in American courts undoubt-
edly supports the rule that where the amount due is in dis-
pute, and a check for an amount less than that claimed is sent
to the creditor with a statement that it is sent in full satisfac-
tion of the claim, and the tender is accompanied by such acts
or declarations as amount to a condition that if the check is
accepted at all it is accepted in full satisfaction of the dis-
puted claim, and the creditor so understands, its acceptance
by the creditor constitutes an accord and satisfaction, even
though the creditor states at the time that the amount ten-
dered is not accepted in full satisfaction. (Wald's Pollock
on Contracts, 3d ed., p. 839.) Whether there was a dispute
concerning the amount due and whether the tender was on
condition that acceptance would be in full satisfaction, are
primarily questions of fact for the trial court. In the case
at bar we think, notwithstanding an expression to the con-
trary by the district court of appeal, that it appears clearly
enough that the amount due was in dispute at the time of
the acceptance and retention of the check. But the evidence
was such as to justify the finding (impliedly if not expressly
made) that the tender was not subject to the condition that
an acceptance of the check would be a satisfaction in full.
This is an essential element of an accord and satisfaction by
tender of a check. In the absence of such condition, the re-
tention of the check, at least where the creditor promptly
notifies the debtor that he still insists upon payment of the
balance claimed, does not establish his assent to the acceptance
of the sum tendered as a full settlement. (*Hillestad* v. *Lee*,
91 Minn. 335, [97 N. W. 1055]; *Fremont Foundry Co.* v.
*Norton*, 3 Neb. (Unof.) 804, [92 N. W. 1058]; *Amer* v. *Folk*,
28 Misc. Rep. 508, [59 N. Y. Supp. 532]; *Eames Vac. Brake
Co.* v. *Prosser*, 157 N. Y. 289, [51 N. E. 986]; *McKay* v.
*Myers*, 168 Mass. 312, [47 N. E. 98]; *Boston Rubber Co.* v.
*Peerless Wringer Co.*, 58 Vt. 551, [5 Atl. 407]; *Van Dyke* v.
*Wilder*, 66 Vt. 579, [29 Atl. 1016].) The defendant's letter
inclosing its check for $816.26, stated that it was the amount
due "as final payment for work on pipe-line, . . . less a
deduction of $970.20 for 47 days time of our engineer and
crew. This deduction was made on account of delay in com-
pleting the pipe-line." The letter did not state, in clear and
unequivocal terms, that the sum tendered was offered as a

full settlement. The term "final payment" may reasonably be construed to refer to the twenty-five per cent, which, under the contract, was to be paid thirty-six days after "the acceptance and final completion of this contract." Indeed, this is the more natural interpretation of the letter, in view of the fact that it speaks of the amount of the check as being the "final payment, less a deduction." In other words, the expression "final payment" is applied, not to the balance remaining after the deduction, but to the entire sum claimed, the amount tendered being reached by subtracting $970.20 from this "final payment." The check itself contained nothing to indicate that it was intended to operate as a payment in full. Accompanying the letter and the check was a statement itemizing the defendant's claim for damages. This statement added nothing to the letter. It was merely a more specific declaration of the grounds upon which the right to a deduction was asserted. (See *Fremont Foundry Co.* v. *Norton,* 3 Neb. (Unof.) 804, [92 N. W. 1058].) Upon the whole case, it was certainly open to the court to find that there had not been such meeting of minds as to constitute an accord and satisfaction, and, while we do not say that a finding to the contrary would be without support, the finding made cannot be said to be contrary to the evidence.

The judgment is, accordingly, affirmed.

The opinion of the district court of appeal, above referred to, is as follows:

"The action was one to recover a balance due upon a contract dated March 20, 1909, alleged to have been entered into between defendant, party of the first part, and plaintiff of the second part, through which the second party agreed to furnish all the materials and construct a pipe-line upon a certain designated location shown by a map attached. The pipe-line exceeded two miles in length, the head of which was in and traversed a portion of the government reservation, and near the foot thereof the same was shown to cross the right of way of the Sante Fe Railroad. The contract provided that the work should be commenced within ten days after the first party shall have procured a permit to construct such pipe-line through the reservation, and should be completed within thirty days thereafter. Partial payments were provided for, upon an engineer's estimate, during the progress of the work,

and twenty-five per cent of the contract price was to be retained as a final payment until thirty-six days after completion. It is averred that on March 24th notice was given of the issuance of a permit to construct the line across the public lands, and work was commenced April second and prosecuted with due diligence; that shortly after the commencement of the work the defendant entered into negotiations with the railroad company for permission to construct its pipe-line across the right of way of the railroad, and notified plaintiff that certain restrictions relative to a cement culvert were imposed by the railroad company as a condition precedent to crossing such right of way, and that it would require sixty days' time to construct such culvert; that defendant notified plaintiff that while time was of the essence of the contract it need not hurry with the work, only to the extent of having the line completed to the right of way by the time that defendant had completed its cement culvert; that plaintiff had completed its work up to the line of the right of way by the time defendant had commenced work on its culvert; that the culvert was not completed until the first of July; that on the second of July plaintiff proceeded to and did complete the construction of the pipe-line and the same was inspected and accepted by defendant on July 8th. Defendant made all payments, other than the completion payment, provided for in the contract, but on August 14, 1909, a balance of $1786.46 was unpaid upon such completion payment; that of such sum defendant had only paid $816.26, and a balance of $970.20 remained unpaid, for which plaintiff asked judgment.

"Defendant by its answer alleged that it had performed all of the obligations imposed upon it, and that the contract was not completed within the time specified, nor until July 8, 1909; that by reason of plaintiff's delay it had suffered damage to the amount of $970.20. It is further alleged that in August, 1909, defendant paid to plaintiff the sum of $816.26, which sum was received by plaintiff in full settlement, payment and discharge of the claim and demand set forth in the complaint, at which date of payment a dispute existed as to the amount of money due from defendant to plaintiff.

"The trial court found the allegations of the amended complaint to be true, and the allegations of the answer with reference to the accord and satisfaction to be untrue, and rendered

judgment in plaintiff's favor for the amount claimed, from which judgment defendant appeals upon a bill of exceptions.

"Appellant's first contention is, that the action being upon an express contract, and it affirmatively appearing from the complaint that the work was not completed within the time specified, plaintiff cannot recover thereon, but is relegated to an action based upon a *quantum meruit.* Section 1512 of the Civil Code provides that: 'If the performance of an obligation be prevented by the creditor, the debtor is entitled to all the benefits which he would have obtained if it had been performed by both parties.' 'If performance is prevented by the party who is to make such payment, the person doing the things is entitled to payment as for full performance.' (*Carlson* v. *Sheehan,* 157 Cal. 696, [109 Pac. 30].) In all of the cases relied upon by appellant in support of its contention it will be observed that entire performance was prevented, and therefore the rule was determined in *Jones etc. Co.* v. *Abner Doble Co.,* 162 Cal. 497, [123 Pac. 290], that a party cannot prevail in an action technically upon the contract price, but may recover the reasonable value of that part which is performed. In our opinion, however, the rule is inapplicable where parties have agreed upon an extension of the time within which to perform and performance is completed within such extension, or where one contracting party has neglected a duty on account whereof a strict performance cannot be had within the specified time, but is subsequently performed within a reasonable time after the obstacle to performance has been removed, in which cases the performing party may recover upon the contract, the same being an entire one. That the strict performance within time was prevented by appellant clearly appears from the record. Appellant having contracted for the construction of a pipe-line over a fixed and determined route, the law implies a covenant either that it possesses or will procure a right to construct such pipe-line over the route specified. No duty devolved upon plaintiff, in the absence of an express agreement, to procure the right to cross the railroad right of way. The right to cross such right of way was not obtained by appellant until July 1, 1909. Immediately upon the performance by defendant of the implied covenant upon its part, plaintiff proceeded to a completion of the contract. We think it, therefore, follows that no right of action

for damages on account of delay existed in favor of defendant at the date of completion. This the court finds and we think the same is fully supported.

"The only serious question, to our mind, relates to the issue of accord and satisfaction. An accord is defined by section 1521 of the Civil Code as 'an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled.' Section 1523 of the same code provides: 'Acceptance, by the creditor, of the consideration of an accord extinguishes the obligation.' The learned trial judge impliedly found that plaintiff never agreed to accept a less sum than that to which it was entitled. That plaintiff was, as shown by the record, entitled to the full sum of $1786.46 on August 13, 1909, cannot be seriously questioned. Nor was there any dispute between the parties as to the amount payable as completion payment, and no rebate or diminution on account of inferior or imperfect construction was claimed. When the time arrived for completion payment to be made defendant forwarded by course of mail to plaintiff a check for $816.26, inclosed with a letter in which defendant stated that the check was for 'the amount due you as final payment, less a deduction of $970.20 for 47 days time of our engineer and crew. This deduction was made on account of delay in completing the pipe-line. Kindly sign and return the attached voucher.' This voucher purported to itemize the expenses connected with the alleged delay and was concluded by a statement that 'Extension, granted by engineer, 30 days, May 22d; actually completed and accepted July 8th; delay 47 days; Received payment.' This voucher plaintiff refused to sign, but did cash the check and at the same time notified defendant by letter that the check was only received on account, and as they denied liability on account of any delay an action would be commenced to recover the balance if not paid within a few days. It may be accepted as settled law that where a claim is in dispute and the debtor sends or gives the creditor a check for a less sum, which he declares to be in full payment of all demands the recognition thereof by the creditor constitutes an accord and satisfaction. Measured by this rule, the record in the case at bar fails to disclose two of the important elements involved in its application,—namely: the existence of a prior dispute and the state-

ment that the check was intended or offered as in full of all demands. The letter accompanying the check was a recognition of the completion and acceptance of the work and the amount unpaid under the contract, but in which was attempted to be asserted a counterclaim for damages, which defendant sought to have adjusted through the presentation thereof and a subsequent settlement to be evidenced· by the receipt asked to be signed and returned as a voucher. It was obvious from the tone of the letter that defendant was not contemplating that a mere application of the check should amount to a settlement, but that an examination of the items of the counterclaim and return of a receipt evidencing a settlement thereof should be considered as an adjustment of the differences. It is significant that defendant made no claim that the check was in full of demands, but, on the contrary, that the amount thereof, coupled with the claim asserted aggregated the amount of the final payment. This statement was true, and had plaintiff acquiesced in the claim of damages and adjusted the same and conceded the correctness thereof it would have been a settlement. 'The intention of the parties must be determined from all the circumstances attending the transaction, and the legal effect of the conduct of the parties is for the court to pronounce.' (*Creighton* v. *Gregory*, 142 Cal. 41, [75 Pac. 571].) 'To constitute a valid accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such. The agreement need not be express, but may be implied from circumstances.' (*Perin* v. *Cathcart*, 115 Iowa, 553, [89 N. W. 12].) 'An accord and satisfaction is the result of an agreement between the parties and must be consummated by a meeting of the minds of the parties accompanied by a sufficient consideration.' (*Harrison* v. *Henderson*, [87 Kan. 174, 100 Am. St. Rep. 386, 62 L. R. A. 760], 72 Pac. 875.) As illustrating the necessity for a consent and agreement, the case of *Boston Rubber Co.* v. *Peerless Wringer Co.*, 58 Vt. 551, [5 Atl. 407], is instructive. In that case defendant and plaintiff had an unsettled, disputed account. Defendant sent plaintiff a statement of account, to which plaintiff made no reply. Defendant sent another statement, accompanied with a note to cover the admitted balance, and a letter in which defendant stated that the note covered the bal-

ance due, and hoped it would be satisfactory. The plaintiff replied to this letter, giving its version of the disputed items, but kept and used the note, which was paid at maturity. *Held* that, as there was no condition attached to the acceptance of the note for the admitted balance, it was not an accord and satisfaction of the debt. We are of opinion, then, that the learned trial judge was warranted in the implied finding that no agreement existed through which plaintiff was to accept a less sum than that to which it was entitled, and that the finding that there was no accord and satisfaction has support from the record.

"We see no error in the action of the trial court in its rulings upon the admissibility of evidence; none at least sufficiently prejudicial to warrant a reversal.

"The judgment should be affirmed, and it is so ordered."

Beatty, C. J., does not participate in the foregoing.