[Civ. No. 15814.   First Dist., Div. Two.   July 7, 1954.]

F. D. MAINIERI, Appellant, v. ROY M. MAGNUSON, Respondent.

C. Leonard Rosenberg, Edward M. Fellows and Emery J. Delmas for Appellant.

L. D. Bohnett and Bohnett, Hill, Cottrell & Bohnett for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment denying him any relief on his complaint and awarding defendant $1,900 on his cross-complaint.

Appellant is in the business of manufacturing fruit baskets. In August, 1946, appellant employed respondent to determine whether a machine could be designed which would assemble fruit baskets with tin protected edges. As a result of the report made by respondent the parties entered into two written agreements on March 8, 1947. One agreement (hereinafter called Agreement A) bound respondent to manufacture successively three similar machines for assembling tinedged fruit baskets. The other agreement (hereinafter called Agreement B) was for the manufacture of a machine for folding V-shaped strips of tin into half squares, to be used as edging for the boxes. The machine to be manufactured under Agreement B was thus described in that agreement: "a machine for folding half square metal frames for Tin Top Fruit Baskets from cut lengths of straight 'V' groove metal strip. This machine will be an attachment to be added to and driven from an existing machine, now Mr. Mainieri's property, which produces three straight 'V' groove metal strips simultaneously in each operation."

Respondent produced under Agreement A a machine which the court found met all the terms and provisions of that agreement. It is not disputed that the evidence supports this finding. Respondent was unable, however, to manufacture a satisfactory machine under Agreement B, because the machine furnished by appellant, to which the one to be manufactured by respondent under Agreement B was to be attached, did not in fact produce *straight* V-groove metal strips. It is undenied in the evidence that respondent made every reasonable effort to readjust appellant's machine so that it would produce straight metal strips, and that no adjustment of it could be made which would bring about this result. It is also established by the evidence that without a machine which would fold V-groove metal strips into half squares, the basket assembling machine manufactured under Agreement A would not be commercially useful to appellant. For this reason appellant refused to accept the completed machine or to pay the balance due thereon, and sued to recover back the payments already made under both agreements. Respondent cross-complained for the balance due him under Agreement A and was given judgment therefor.

The parties devote much time to the discussion of whether the two agreements should be construed as a single contract. (Civ. Code, § 1642.) The trial judge in a memorandum filed at the time that he ordered judgment, said: "Whether the two writings are considered as one contract or as two contracts they are interrelated, and as the Court views the evidence the result would be the same whether they are considered as one contract or as two contracts." We agree with this statement.

The whole case hinges on the proper construction of the language above quoted from Agreement B. By the first sentence above quoted respondent agreed to manufacture "a machine for folding half square metal frames . . . from cut lengths of *straight* 'V' groove metal strip." By the second sentence it was provided that this machine was to be an attachment to an existing machine belonging to appellant "which produces . . . *straight* . . . strips. . . ."

Appellant's position is that the parties agreed upon the fact that appellant's machine does produce *straight* strips. For this reason he objected in the court below to the evidence which showed that the machine in fact did not produce *straight* strips and could not be made to produce them.

It is respondent's position that appellant bound himself to supply a machine which produces *straight* strips and that his failure to do so excused respondent's performance of his agreement to produce the machine called for by Agreement B.

The contract itself makes it perfectly clear that respondent only bound himself under Agreement B to manufacture a machine for folding half squares "from cut lengths of straight . . . strip." The first sentence of the agreement quoted is explicit on that. By the second quoted sentence this machine which was to fold half squares from *straight* strips was to be an attachment to appellant's existing machine "which produces . . . straight . . . strips." It is clear that the machine called for by the contract, i.e. one which folds half squares from straight strips, could only be successfully attached to appellant's machine if appellant's machine does produce straight strips. The court, we think, correctly found that the machine to which the one to be manufactured was to be attached "was represented as producing straight . . . strips," that it did not do so and that respondent could not produce a machine to fold into half squares the metal strips produced by appellant's machine because they were not straight.

This brings into play the rule of the Restatement of Contracts, section 262: "Where a promise cannot be performed in accordance with its proper interpretation without some precedent or concurrent act or forbearance by the promisee, the act or forbearance is a condition." (*Lapp-Gifford Co.* v. *Muscoy Water Co.*, 166 Cal. 25, 30 [134 P. 989]; *Mansfield* v. *New York Cent. & H. R. R. Co.*, 102 N.Y. 205 [6 N.E. 386, 388]; *Mill Dam Foundery* v. *Hovey*, 21 Pick. (Mass.) 417, 439; 3 Corbin on Contracts, § 640, pp. 546-548; 3 Williston on Contracts, rev. ed. 1936, § 887A, pp. 2494-2497.) The failure of appellant to perform this condition precedent excused respondent's performance which was dependent on it. (Civ. Code, § 1439, and cases cited *supra*.)

It thus becomes immaterial whether the two agreements are regarded as one contract or not. In either case respondent's failure to perform the particular obligation was excused.

Appellant's complaint of the delay of the trial judge in deciding the case affords no ground for reversal. The other points made have to do with the claim that the two agreements were one contract, a question which we have concluded is immaterial under the facts found.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.