[Civ. No. 459.   Second Appellate District.—December 4, 1907.]

## L. M. WEST, Respondent, v. WILL C. PRATHER & COMPANY, a Corporation, Appellant.

CORPORATIONS—AUTHORITY OF PRESIDENT—SURRENDER OF HOTEL LEASE —BREACH OF CONTRACT—DEFECTIVE EXECUTION—ACCEPTANCE OF BENEFITS—ESTOPPEL.—In an action based upon a breach of contract with a corporation, whereby the plaintiff, who was lessee of its hotel property, agreed to cancel the lease, and turn over the furnishings, in consideration of its contract, executed by its president, to pay him certain sums, and to furnish him room and board for one year, or at its option to pay him $25 per month in lieu thereof, whereupon the corporation released the property and repudiated the contract, where the evidence sufficiently shows that the president of the corporation was held out by the corporation as possessing the authority which he assumed, even if the contract was defectively executed, the acceptance of the benefits thereof by the corporation, though not constituting a ratification, nevertheless constituted an estoppel against the repudiation of the contract by the corporation.

ID.—EVIDENCE—IMPLIED POWERS OF PRESIDENT—MANAGING AGENT.— Evidence was admissible to prove that the president was operating the business of the corporation, to show his implied powers, and that he was managing agent of the corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

7 Cal. App.—6

Thornton Alexander, for Appellant.

Jones & Drake, for Respondent.

SHAW, J.—Judgment was rendered herein for plaintiff, from which defendant appeals upon a bill of exceptions.

The action is based upon a contract alleged to have been made between the parties whereby plaintiff, who was in possession of a hotel under a lease thereof, agreed to cancel said lease and surrender possession of the property, with certain furnishings, to defendant, who agreed to guarantee payment of certain sums specified in said contract, and furnish plaintiff room and board in said hotel for a period of one year; or, at its option, pay him at the rate of $25 per month in lieu thereof.

Plaintiff alleges that, pursuant to the terms of the contract, he canceled the lease and delivered possession of the hotel and other property mentioned in the contract to defendant, who immediately leased the same to another party. Plaintiff remained at the hotel for ten days, when defendant paid the proprietor the sum of $8.33, covering the cost of his room and board for such time, and denied any further obligation under said contract.

Defendant is a corporation, and the transaction is admittedly within its powers. No corporate seal was attached to the contract, but it was signed: "Will C. Prather & Co., Will C. Prather, Prest." The defense is that said Prather, as president of said company, had no authority to execute the contract on its behalf, and, therefore, the court erred in receiving said contract in evidence unaccompanied as it was by a copy of the resolution authorizing its execution. The uncontradicted evidence shows that plaintiff delivered the property to the corporation, and that it, within a few hours after the execution of the contract, placed another party in possession of the premises under a new lease, from whom it collected rent. Prather, on behalf of the company, had charge of all the negotiations relating to the transaction, and subsequent lease of the hotel. Having by virtue of this contract obtained a cancellation of plaintiff's lease, the transfer of certain personal property, and ousted plaintiff from possession of the hotel, which it leases to another party, the defend-

ant, by its counsel, solemnly avers that the act of its president in executing the contract on its behalf was unauthorized. The evidence is sufficient to show that Prather was held out by the corporation as possessing the authority which he assumed.    (*Crowley* v. *Genesee Mining Co.,* 55 Cal. 273; *Gribble* v. *Columbus Brewing Co.,* 100 Cal. 67, [34 Pac. 527].) The company, with full knowledge of all the facts involved, imparted through its president acting in its behalf, accepted and retained the benefits of the transaction.    Conceding the contract to be one required to be in writing, and defectively executed by reason whereof such acceptance and retention of benefits would not constitute a ratification (Civ. Code, secs. 2309, 2310), the facts nevertheless constitute an estoppel against the attempted repudiation of the contract on the part of the corporation.    (*Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431, [62 Pac. 749]; *Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221, [41 Pac. 1017, 45 Pac. 252].)

It is also contended that the court erred in overruling defendant's objection to the question put to the plaintiff, as follows: "Who was operating the business there?"    Plaintiff had testified to calling at the office of the company upon two occasions, where he had talked with Prather.    Appellant admits the purpose of the question was to elicit evidence tending to show Prather's implied powers, and that he was managing agent of the company.    Such being its purpose, the ruling of the court upon the objection was not error.

Our views render it unnecessary to discuss the ruling of the court in denying defendant's motion for a nonsuit.

Judgment affirmed.

Allen, P. J., and Taggart, J., concurred.