[Civ. No. 3254. First Appellate District, Division Two.—February 18, 1920.]

HAROLD W. BUTLER, Appellant, v. SOLANO LAND COMPANY (a Corporation), Respondent.

[1] Corporations—Action on Contract Signed by President—Absence of Seal—Burden of Proving Authority or Estoppel.— In an action against a corporation to recover certain commissions alleged to be due in connection with the sale of real property, based on a document executed by the president of the defendant corporation but to which the corporate seal is not affixed, the authority of the president to execute such document being denied, the plaintiff must prove either that the president was expressly authorized to execute the same, or that it was an act fairly within the implied powers incidental to his office, or that the corpora-

tion is estopped to deny his authority by reason of having accepted the benefit of the contract, or otherwise.

[2] Id.—Evidence — Proof of Implied Authority.—In such action, evidence that the president of the corporation told plaintiff that he had been paying out interest on the mortgage for a number of years since the death of his partner, that he was getting tired of it and that it was all left up to him, is not sufficient to prove that he was vested with implied authority. Implied authority must arise out of the duties and responsibilities actually entrusted to an officer by the corporation, or the duties assumed by him and acquiesced in by the corporation, and not by his statements regarding such duties and responsibilities.

[3] Id.—Alienation of Property—Power of President.—The president of a corporation has no power, by virtue of his office, to alienate the property of the corporation. This can only be done by the board of directors.

[4] Id.—Acceptance of Benefits of Contract—Estoppel to Deny Authority to Execute.—Where a corporation accepts the benefit of a contract made by its president, purporting to be made on behalf of the corporation, it will be estopped to deny his authority to execute the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Reversed.

The facts are stated in the opinion of the court.

Melvin E. Van Dine, Aitken, Glensor, Clewe & Van Dine and Oliver Dibble for Appellant.

C. W. Durbrow and Frank B. Austin for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him upon a motion for nonsuit.

2. Authority of officer to represent corporation as inferred from manner in which he has been permitted to act, note, Ann. Cas. 1913D, 646.

Presumption that a contract within the powers of a corporation is within the authority of its president, note, 7 L. R. A. (N. S.) 376.

Presumption as to authorization by corporation for contract executed by president, note, Ann. Cas. 1917A, 360.

3. Power of president to sell or mortgage corporate property, note, 19 Ann. Cas. 623.

The action was for $8,457, alleged to be due plaintiff as commission for selling land of the defendant. Defendant answered, admitting a verbal contract with the plaintiff, but asserting that such contract was conditioned upon the full performance by the purchaser of his contract to purchase the land, and that the purchaser produced had performed none of the conditions of his contract; and further alleged that no written contract was ever entered into between the plaintiff and defendant, or between the plaintiff and anyone authorized to act for the defendant. The plaintiff submitted his case upon his own testimony solely, and introduced in evidence a document reading as follows:

"San Francisco, Cal.
"April 12, 1917.

"This is to certify that H. W. Butler is entitled to five per cent commission on sale made by him of what is known as the Barnhart Tract, estimated to be 5,638 acres, at $30 an acre.

"Payment of this commission to be arranged between Mr. H. W. Butler and Mr. E. A. Bunker, president of the Solano Land Company.

"SOLANO LAND COMPANY,
"E. A. BUNKER, President."

As the plaintiff must recover, if at all, upon a written contract (Civ. Code, sec. 1624, subd. 6; Code Civ. Proc., sec. 1973, subd. 6), the only question presented upon this appeal is whether or not the corporation is bound by the above-quoted writing. [1] The record contains no proof of express authority of the president to make this contract; there is no seal affixed to the document to make it *prima facie* proof against the corporation. It was incumbent upon the plaintiff to prove either that the officer executing the instrument was expressly authorized to execute the same, or that it was an act fairly within the implied powers incidental to his office, or that the corporation is estopped to deny his authority by reason of having accepted the benefit of the contract, or otherwise. [2] There is no contention that the first of these requirements was met, and the argument of the appellant upon the second point is that because the plaintiff stated in his testimony that the president of the defendant corporation, Mr. Bunker, told him in a conversation: "I have been paying out interest

on the mortgage for a number of years since the death of my partner, and I am getting tired of it, and of course it is all left up to me,''—that this establishes sufficiently broad general powers in the president to raise a presumption upon a motion for a nonsuit, that he was authorized to execute the contract introduced in evidence. While it is true that all presumptions are in favor of the plaintiff upon a motion for a nonsuit, we do not think this testimony was sufficient to clothe the officer in question with implied authority. [3] The president of a corporation has no power, by virtue of his office, to alienate its property. This can only be done by the board of directors. (*Black* v. *Harrison Home Co.,* 155 Cal. 121, [99 Pac. 494].) Did he then, in this particular case, by reason of all the circumstances in evidence, have implied authority? Apart from the fact that we are of the opinion that the above-quoted statement made by him does not indicate authority broad enough to carry with it such implied authority, even though such statement be taken as evidence against the corporation, there is the further fact that the implied authority must arise out of the duties and responsibilities actually entrusted to him by the corporation, or the duties assumed by him and acquiesced in by the corporation, and not upon his statements regarding such duties and responsibilities. This is not a suit against an agent for breach of warranty of authority, and the representations of the agent are not of importance here.

[4] There remains for our consideration the remaining question of whether sufficient facts appear to raise an estoppel against the corporation upon a motion for nonsuit. The defendant did not present its case, and we have before us, upon the consideration of this motion, as before stated, merely the pleadings and testimony of the plaintiff, together with the writing signed by Mr. Bunker which appears herein. But it does appear by the pleadings, and it is not denied, that the corporation did accept the purchaser produced by the plaintiff and entered into a contract with him for the purchase and sale of the real estate in question. The contract entered into between said purchaser and the corporation is set out as an exhibit to the complaint. This contract is signed by the president and secretary of the corporation on its behalf, and the corporate seal is affixed. It appears, therefore, that the corporation took the fruits of

the work of the plaintiff. It accepted the benefit of the contract made by its president, purporting to be made on behalf of the corporation, and it is now estopped to deny his authority to execute the contract. Of course, the evidence of the defendant is not before us, and perhaps it may be able to prove that the contract between the plaintiff and the defendant, in accordance with which the purchaser was accepted, was a different one than that to which plaintiff has testified, and that its terms were as alleged in the answer. But before us now we have no such proof, and upon consideration of the motion for a nonsuit, with all presumptions in favor of the plaintiff, and upon the record before us, there appears to be sufficient evidence of estoppel to put the defendant to his proof. Indeed, in one of the cases cited to us by the respondent (*Northwestern Packing Co.* v. *Whitney,* 5 Cal. App. 105, 108, [89 Pac. 981, 982]) the situation presented here is considered, for it is said that in that case "the doctrine of estoppel does not apply, because the corporation has not availed itself of any benefit in any way or manner by reason of the alleged contract." From the record before us, it appears that the corporation has availed itself of the benefits of the contract, the execution of which it seeks to deny. Under such circumstances, the nonsuit order was improper.

The judgment is reversed, with instructions to the trial court to reopen the case and allow the defendant to put in its defense.

Brittain, J., and Nourse, J., concurred.