[Civ. No. 7920. First Appellate District, Division Two.—March 18, 1932.]

D. M. MESSER, Respondent, v. TAIT'S, INCORPO-
RATED, Appellant.

Louis E. Goodman and Louis H. Brownstone for Appellant.

Heller, Ehrman, White & McAuliffe, Lloyd W. Dinkelspeil and F. Whitney Tenney for Respondent.

SPENCE, J.—This is an appeal by defendant from a judgment in favor of plaintiff in the sum of $2,402.87.

We need only consider the count of the complaint alleging the indebtedness of defendant upon an open book account for goods sold and delivered to defendant by plaintiff's assignors. By way of defense defendant pleaded the statute of limitations. Upon the trial defendant further urged the defense of accord and satisfaction, although this defense was not pleaded. The trial court found against the defendant upon both defenses except that it found that the statute of limitations had run against the small amount claimed to be due upon the account with defendant's restaurant in Stockton.

The evidence showed that the eight restaurants conducted by defendant did business with the various "Dohrmann Companies" through which plaintiff claims as assignee. Each of these companies kept its own accounts and a separate book account was kept by each of the companies with respect to each of defendant's restaurants with which it did business. The extensive business dealings between defendant's restaurants and the companies continued over a period of many years. Owing to the view we take of the questions presented on this appeal, we deem it unnecessary to go into detail concerning the history of the "Dohrmann Companies" or concerning each of the separate accounts referred to above.

It is appellant's contention that the major portion of the amount awarded to respondent was improperly awarded because of an alleged accord and satisfaction in 1925 and

in any event because of the bar of the statute of limitations. We find no merit in these contentions. Although the defense of accord and satisfaction was not pleaded, we may assume that the issue was properly before the court. Nevertheless the trial court found against the appellant on this issue and it cannot be said as a matter of law that the trial court erred in so doing. The evidence was conflicting as to whether there was any oral agreement adjusting the various accounts as contended by appellant. A payment was made by appellant on March 19, 1925, accompanied by a letter addressed to Dohrmann Hotel Supply Company, being one of the "Dohrmann Companies". It read in part:

"We are enclosing checks as follows :

| | |
|---|---:|
| Turk Street | $ 8.72 |
| "       " | 93.96 |
| Ellis Street | 16.20 |
| O'Farrell St. | 83.79 |
| Oakland | 37.05 |

"According to our books the above balances all our accounts, including Los Angeles."

The checks referred to were cashed, but thereafter the "Dohrmann Companies" continued to send to appellant monthly statements regarding each store showing the current transactions together with the balance carried forward at the beginning of the month and the balance remaining due at the end of the month. Appellant admitted receiving these statements, but from 1925 on paid only the amounts due upon current transactions. There was considerable correspondence between the parties and numerous conferences were had from time to time between the representatives of the "Dohrmann Companies" and representatives of appellant regarding the balances claimed to be due upon these various accounts. The complaint herein was filed on January 25, 1929.

In view of the conflict in the evidence regarding the existence of an oral agreement adjusting the accounts in 1925 and the finding of the trial court against the existence of such agreement, appellant's position is untenable unless the acceptance of the checks accompanying appellant's letter of March 19, 1925, may be said to constitute an accord and satisfaction as a matter of law. ■ The general rule is well settled with respect to the circumstances giving rise to

an accord and satisfaction of a disputed claim by the acceptance of a check for an amount smaller th'an that claimed by the creditor (1 Cal. Jur. 134), and such disputed claim is not discharged by the retention of a check for a smaller amount unless the check is tendered with an explicit statement or pursuant to an explicit understanding that it is offered as full payment. (*Lapp-Gifford Co.* v. *Muscoy Water Co.*, 166 Cal. 25 [134 Pac. 989]; *Meyer* v. *Cowell Lime etc. Co.*, 21 Cal. App. 602 [132 Pac. 611], Ann. Cas. 1915A, 954, note, and cases cited.) In other words, it must unequivocally appear that the check is offered only upon condition that it be accepted, if accepted at all, as full satisfaction of the disputed claim. ■ The letter in the present case merely stated that "according to our books the above balances all our accounts, including Los Angeles". A somewhat similar situation was before the court in *Meyer* v. *Cowell etc. Co., supra,* where the debtor prepared a statement showing its version of all debits and credits involved in the account and accompanied the statement with check to cover the balance due according to the statement. The court there said at page 605, "In the case at bar the debtor simply sent a statement and a check for the balance shown by such statement, and the creditor gave a receipt for the amount of the check. Nowhere upon the check nor upon the statement, nor upon the receipt, was it stated that the check was offered upon condition that it be accepted in full payment. No case has been called to our attention where it has been held that the acceptance of a check corresponding in amount with the balance shown by the statement sent with the check, by the creditor, constituted as a matter of law an accord and satisfaction, unless the check upon its face contained a statement that it was in full payment, or unless the offer was clearly in some unequivocal way made upon such condition." We are satisfied that it cannot be said as a matter of law in the present case that the letter accompanying the checks standing alone was sufficiently explicit and unequivocal in its terms as to impose the condition that it could be accepted only as payment in full and not otherwise.

■ Referring now to appellant's claim relating to the statute of limitations, it is not disputed that the accounts originally constituted open book accounts and in form con-

tinued to be so kept by the "Dohrmann Companies" at all times. From 1925 on appellant continued to do business with the companies and said companies continued to make entries on said accounts, but appellant made remittances which the companies were directed to apply to specific current items. Appellant unquestionably had the right to so direct (Civ. Code, sec. 1479), but this did not destroy the character of the accounts as open book accounts. (1 Cor. Jur. 673, sec. 223.) The statute of limitations did not commence to run as to each account until the date of the last entry of that account (*Furlow Pressed Brick Co.* v. *Balboa Land & Water Co.*, 186 Cal. 754 [200 Pac. 625]), which in most instances was as late as the latter part of 1928. The last entry in the account with the restaurant at 24 Turk Street was March 1, 1926, which was well within the four-year period. The account with the Stockton restaurant had no entries thereon within the four-year period and the trial court found the action to be barred as to that account. It may be noted further that even if appellant were correct in its theory that the current dealings from the early part of 1925 on did not serve to keep the original accounts "alive" as open book accounts, still the entries showing appellant's admitted payments on the various accounts on March 19, 1925, were within the four-year period prior to the commencement of the action.

■ Appellant further contends that "items totaling $296.99 were incorrect and not proved and should not have been allowed by the trial court". We have reviewed appellant's argument in support of this contention and examined the portions of the record cited by appellant as referring to the specific items making up this sum. The record brought to this court contains only a summary of the contents of the various accounts introduced as exhibits. The summary as to each account shows the location of the restaurant and the name of one of the Dohrmann Companies involved; a statement that the account contained debit and credit entries covering a period from one specified date to another, the latter being the date of last entry; and a statement of the final balance due according to the account. No specific items are shown. The original accounts were introduced in evidence, but as they were not brought up as exhibits, we find it impossible to follow the argument and

testimony relating to the specific items. It is apparent from the record that certain items were disallowed by the trial court, but assuming that the items complained of were allowed, their allowance seems to be satisfactorily explained in respondent's brief. In any event, we are forced to the conclusion upon the record before us that appellant has failed to affirmatively show that the trial court erred as contended.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.