[Civ. No. 5020. Fourth Dist. Feb. 24, 1955.]

ANDREW J. METRO, Respondent, v. O. C. DICKERSON et al., Appellants.

Joseph V. Mazziotta for Appellants.

Robert Ritchie and Rex W. Cranmer for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action against defendants and appellants to recover commissions claimed due upon a written contract which was set up in the complaint.

Plaintiff was an engineer. Defendants owned and operated a business known as The Hub City Structural Steel Company, and were desirous of obtaining the services of plaintiff for the purpose of "estimating, expediting, and to help in the operations of the company." Plaintiff entered upon his duties in August, 1947, under some oral arrangements, On January 29, 1948, there was a signed agreement, prepared by defendants, setting out the wages and commissions to be paid to plaintiff for the period of one year. By its terms plaintiff was to be paid a salary of $400 per month, plus 5 per cent of the net proceeds from the operation of the company, to be "obtained" at the time of the fiscal audit of the company's books. For this compensation plaintiff agreed to perform the services indicated. Provision was made therein whereby the contract could be canceled on a 30-day notice by either party. If canceled by plaintiff, the net profits were waived by him; if by the company, the net profits, as of that time, were to be determined and plaintiff was to be paid according to the percentage indicated.

The agreement then set out that the defendant company "agrees to pay . . . Mr. Metro the commissions *he has earned on the following* contracts" (italics ours) when the company receives payment for them. Then follows a list of those contracts and the commissions due. Among them was the Haxton contract for the steel construction work in the Palm Springs Gymnasium, fixed at $1,349.39, and the Haddock Engineers' contract for the erection of an armory, totaling $180. The complaint seeks recovery for these two items. Plaintiff admitted receiving payment on the other contracts listed.

The answer alleges that plaintiff never earned the commissions here in question; and that there were no profits accruing to defendants under the contracts alleged. As a defense, defendants allege that plaintiff so negligently performed the work required of him that defendants were damaged in the sum of $5,000 as a result thereof; that the agreement referred to was canceled on July 9, 1948, and fully discharged by accord and satisfaction, in that plaintiff accepted $200 from defendants in discharge of said contract.

The court found generally in favor of plaintiff and against defendants on their claimed defenses and that under the writ-

ten agreement defendants promised to pay the amounts therein set forth. Judgment was rendered accordingly.

There is some dispute as to when the Palm Springs contract was entered into and as to when it was completed. The court found it was completed on January 17, 1949; that final payment was made on March 17, 1949; that the armory contract was completed before July 20, 1948; and final payment was made on that date.

It appears from the testimony of defendants that plaintiff estimated the Palm Springs job for bid by defendant company and the work started in February, 1948. A few days before it was completed the general contractor inquired of defendant company about 27 hollow steel doors which were to be mounted on that job and defendants claimed that they were not in the plans and specifications but, upon examination, it was found they were there and that plaintiff had overlooked this item in the bid. Plaintiff was approached on the subject and after looking at the plans and specifications he "threw up his hands and he said 'Pay me, give me my check.'" Defendants testified they lost about $9,000 on the contract as a result of plaintiff's error. On July 9, 1948, plaintiff severed connections with the defendant company. There is a conflict in the evidence as to what occurred at that time. Defendants claim that plaintiff was paid two weeks' salary in advance and was told that he was paid in full; that plaintiff accepted the check and at that time defendants told him "that he forfeited all his rights he had to the profits" or commissions from the Hub City Structural Steel Company. They then testified that thereafter plaintiff left without saying anything further.

Plaintiff admitted receiving a check for $196, which he claimed was for one week's wages past due, plus one extra week. He denied the conversation above related in reference to the claimed forfeiture and said he told defendants he was through and finished and wanted his time, and told defendants they still owed him for the two items sued upon. He testified that 30 days later he made demand upon defendants for this amount and they told him he had nothing coming.

This action followed, and the principal argument on appeal is that the evidence conclusively shows, as a matter of law, that the contract sued upon had been abandoned and rescinded by the respective parties, by mutual consent, and accordingly there was an accord and satisfaction on July 9, 1948, when plaintiff accepted defendants' check; that since

the employment provision of the contract had been mutually abandoned, the provision therein in reference to the commission was inseparable and accordingly must be considered as abandoned; and that justice preponderates so greatly on the side of defendants, a new trial should be granted, citing such cases as *Haberman* v. *Sawall*, 72 Cal.App. 576, 581 [237 P. 776]; *Tompkins* v. *Davidow*, 27 Cal.App. 327 [149 P. 788]; and *Herbert* v. *Lankershim*, 9 Cal.2d 409, 476 [71 P.2d 220]. It does appear that the contract of employment and the written agreement sued upon in which it was agreed that these specific items *were due when the written agreement was signed* were severable. (*Sterling* v. *Gregory*, 149 Cal. 117 [85 P. 305]; *Gross* v. *Maytex Knitting Mills, Inc.*, 116 Cal.App.2d 705 [254 P.2d 163].) ■ The burden of establishing an accord and satisfaction rests upon the defendants and is usually a question of fact to be determined by the trial court. (*Russell* v. *Riley & Peterson*, 82 Cal.App. 728 [256 P. 557]; 1 Cal.Jur.2d 287, § 44.)

Had the trial court found in favor of defendants on these issues a different question would here arise. The finding is that the alleged defenses set forth in defendants' answer were untrue, and the findings on other issues were in favor of plaintiff's contentions and judgment was entered in accordance therewith.

■ It is an established principle of law that where the evidence is conflicting, as it is here, contradictions and inconsistencies in the testimony of a witness go to the weight of his evidence and to his credibility, and are matters settled before the case reaches the appellate court. ■ Where the court has accepted the evidence offered in behalf of the prevailing party as true, where a new trial has been denied, as it was here, and where there is substantial evidence supporting the findings and judgment, the appellate court cannot interfere, even though it may be of an opposite opinion. (*High* v. *Pacific Gas & Elec. Co.*, 52 Cal.App.2d 701, 702 [126 P.2d 911, 127 P.2d 588].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.