[Civ. No. 10101. Third Dist. Mar. 21, 1961.]

JOHN ROSSI, Respondent, v. JOE HACKETT et al., Appellants.

Timothy W. O'Brien for Appellants.

Rawles, Nelson & Golden for Respondent.

WARNE, J. pro tem.*—This is an appeal by defendants and cross-defendants, Joe Hackett and Elma Hackett, from a judgment in declaratory relief in favor of plaintiff, John Rossi. Plaintiff in his complaint sought declaratory relief, or, in the alternative, damages against the appellants Hackett and defendants, Kay W. Hiatt and Alice I. Hiatt. The Hiatts have not appealed. The complaint alleges that on or about April 16, 1956, the Hiatts entered into a contract with the Hacketts under the terms of which the Hiatts agreed to sell, and the Hacketts agreed to purchase, certain real property situated in Mendocino County; that under the terms of said contract the Hiatts reserved the right to remove certain timber from the property prior to April 16, 1958; that on December 24, 1957, the Hiatts entered into a contract with Rossi to sell the timber to him; that under the terms of that contract Rossi was granted the right to remove the timber at any time prior to April 16, 1960; that Rossi paid all sums of money and performed all obligations required of him under the terms of the contract; that at the time the contract was executed, and at all times thereafter, the Hacketts were aware that said contract had been executed and were aware of the contents thereof; and that the Hacketts by virtue of their ownership of the land upon which the timber stood had prevented Rossi from removing the timber within the time allowed.

The record shows that the Hiatts had conveyed the land by grant deed to the Hacketts without including the timber reservation. They, the Hiatts, therefore filed a cross-complaint

*Assigned by Chairman of Judicial Council.

against the Hacketts seeking equitable relief from forfeiture which would result if the Hacketts were permitted to prevent the removal of the timber. The Hacketts in their answer to the complaint admitted the timber reservation in the contract of purchase of sale and also admitted that they executed an extension agreement on February 5, 1958, but alleged that it was not delivered on that date to the Hiatts, or either of them; and that subsequent to the execution of said agreement the Hiatts made certain changes in the agreement which included a change in the size of the timber to be cut and added the clause: ''John Rossi may participate in this contract.'' Under the terms of this agreement the time for cutting the timber was extended to August 31, 1958, and the Hiatts were to pay the Hacketts $1,000 on the execution of the agreement. Monthly extensions of the term of the timber contract after August 31, 1958, were to be obtained by written request and by payment to the Hacketts of $50 per month for each monthly extension. The extension agreement also imposed additional obligations and restrictions on the Hiatts which were not imposed or contained in the original agreement wherein the Hiatts reserved the timber rights.

In an amendment to their answer to the complaint the Hacketts added an affirmative defense of laches because of the delay of Rossi in bringing this action.

The judgment declares that the respondent was entitled to cut and remove the timber in accordance with the extension agreement on condition that respondent pay the Hacketts $1,600 within 30 days after the judgment became final. The judgment further provides as follows: ''If said sum of $1,600.00 be paid within said period, plaintiff may remove said timber during the first full summer thereafter, to wit, during the first period of time thereafter which includes the full months of June, July, August, September, and October. After the expiration of said period, all of the rights of the plaintiff, his agents, and assigns to remove said timber or any portion thereof shall terminate and cease.'' Various other conditions were imposed limiting the respondent's right which we are not concerned with on this appeal other than as part of the consideration for the agreement. Respondent was also given a money judgment against the defendants Hiatt for the sum of $1,600.

It is not necessary to narrate in detail the evidence found in more than 500 pages of the reporter's transcript. The findings are supported by substantial evidence except in a few

instances which will be mentioned when material. Of course the evidence was conflicting in some particulars, but such conflicts were resolved in favor of the respondent by the trial court and are binding on appeal. The trial court in substance found that on April 16, 1956, the Hiatts entered into the contract with the Hacketts wherein the Hiatts agreed to sell, and the Hacketts agreed to purchase, the real property involved in this case; that under the terms of the contract the Hiatts reserved the right to remove certain timber from said property prior to April 16, 1958; that on April 17, 1956, the Hiatts executed and delivered to the Hacketts a grant deed, absolute on its face, to the real property involved, but neither the Hiatts nor the Hacketts intended that said deed should convey the right which the Hiatts reserved to cut the timber as provided for in the agreement of April 16, 1956.

It was further found that on December 24, 1957, the Hiatts entered into a contract with Rossi to sell him the timber reserved under the April 16, 1956, contract between the Hiatts and the Hacketts. Under the terms of the contract Rossi was granted the right to remove the timber at any time prior to April 16, 1960. It was found that at the time said contract was executed, and at all times thereafter, the Hacketts were aware that Rossi and the Hiatts had made some contractual arrangement between themselves with respect to the timber, and that they, the Hacketts, orally represented that they would grant an extension of time in which to remove the timber.

It was further found that on February 5, 1958, the Hiatts and the Hacketts entered into a contract wherein the Hacketts agreed that the time for removing the timber might be extended to August 31, 1959. This contract provided that the initial extension would be until August 31, 1958, and provided for payment by the Hiatts of $1,000 upon execution of the contract. Additional extensions under the contract could be made upon a monthly basis upon written request and payment of $50 per month in advance, but the additional extension period on this basis was not to exceed August 31, 1959. Although it was provided that the rights of the Hiatts under the extension agreement might not be assigned and that duties could not be delegated, it was provided that Rossi might "participate in" the contract. Time was expressly made the essence of the contract.

The trial court also found that at the time the extension contract was executed the Hiatts delivered to the Hacketts their check for $1,000 drawn to their order; that shortly there-

after, before the Hacketts presented the check for payment, the Hiatts requested that the check not be presented for payment for a short time; that subsequently, by telephone, on three or four occasions, the Hiatts requested of the Hacketts that the check not be presented for payment until some time later; that on April 23, 1958, the Hacketts returned the check to the Hiatts and advised them that all of the right, title and interest to said timber had been terminated and that the extension contract was invalid because of failure of consideration, specifically the failure of the Hiatts to pay $1,000; and that at no time did the Hacketts ever present the Hiatts' check for payment at any bank.

It was also found that thereafter Rossi tendered to the Hacketts the sum of $1,000 on account of the $1,000 payment which the Hiatts were required to make under the terms of the extension agreement, and in addition $600 on account of the monthly payments required by the extension contract. It was specifically found that Rossi thereby made a timely tender to the Hacketts of all sums of money required under the terms of the extension contract to extend the right to cut timber to August 31, 1959. It was further found that Rossi made timely delivery to the Hacketts of all notices required under the terms of the extension contract.

The trial court further found that since July of 1958 the Hacketts made certain improvements on the real property, but "logging the timber which is the subject of this action will not necessarily damage or otherwise interfere with said improvements." The trial court further found that an "actual controversy exists between Rossi and Hacketts, in that Hacketts deny that Rossi has any right to the timber . . . and have prevented Rossi from removing said timber prior to August 31, 1959." Because of the risk of incurring liability for treble damages, Rossi was reluctant to remove the timber in the face of the objections of the Hacketts.

The Hacketts contend that the findings of fact fail to determine material issues presented by the pleadings. First, in that they fail to declare the legal effect of the deed from the Hiatts to the Hacketts. We find no merit in this contention. The trial court found that neither the Hiatts nor the Hacketts intended that the deed should convey the rights to cut timber reserved in the contract of purchase and sale entered into between the respective parties. In fact, Hackett in his testimony admitted that all parties to the deed intended that the deed should not cut off the timber rights which the Hiatts

reserved. Hence, the legal effect of the deed was no longer an issue in the case. It is not necessary for the court to make a finding on facts which are conceded by all parties. (*Stone* v. *Ryals,* 123 Cal.App.2d 523 [266 P.2d 864].)

 Next, appellants contend that the trial court failed to make a proper finding covering the Hacketts allegations contained in their amended answer wherein they allege that they had constructed certain improvements on their land and that the logging would damage or otherwise interfere with these improvements. The trial court's finding concerning this issue reads as follows: ''Since July of 1958, Hacketts have made certain improvements on the real property which is the subject of this action, but logging the timber which is the subject of this action will not necessarily damage or otherwise interfere with said improvements.'' The Hacketts argue that the finding is defective because of the statement that logging will not ''necessarily'' damage the Hacketts' property. They claim that the finding is equivocal and fatally uncertain. We do not agree with appellants. We feel that although the finding might have been more clearly phrased it is clear enough to indicate what the court intended. It indicates that if the logging is done reasonably and pursuant to good logging procedure no damage would result to appellants' property. As said in *Richter* v. *Walker,* 36 Cal.2d 634, 639 [226 P.2d 593] : ''As to the principles governing appellate courts in considering the adequacy of findings to dispose of issues and support a judgment it is a general rule that 'Even though a finding might have been more clearly phrased, it is sufficient if its language is clear enough to indicate what the court intended; and if there are findings sufficient to support the judgment, they are not vitiated by the unintelligibility of others. Any uncertainty in the findings will be construed so as to support the judgment rather than to defeat it.' ''

Next, appellants contend that there was a complete failure to find concerning the legal relationship between the Hiatts and Rossi. The pleadings raise no issue concerning the legal relationship between Rossi and the Hiatts. Rossi alleged, and the Hiatts admitted, that Rossi purchased their rights in the timber. Hence, the disposition of the case in no way depends upon the existence, or lack of existence, of any legal relationship between Rossi and the Hiatts, other than Rossi's right to cut and remove the timber under the extension contract between the Hacketts and the Hiatts in which he was permitted to participate. No findings are necessary on issues not

presented by the pleadings. (48 Cal.Jur.2d, Trial, § 289, and cases cited.) █ Further, when findings are made on issues that determine the cause, findings on other issues become unnecessary. (48 Cal.Jur.2d, Trial, § 288, and cases cited.)

Since there was no actual controversy existing between Rossi and the Hiatts, these same rules apply to the Hacketts' contention that the trial court failed to make any finding concerning the rights, if any, the Hiatts might have against Rossi.

█ Appellants also complain that the court found: ". . . At the time that said contract between Rossi and Hiatts was executed, Hacketts represented to Hiatts and Rossi that the Hacketts would grant the extension rights which are the subject of the extension agreement. . . ." The record shows that Mr. Hiatt contacted the Hacketts in reference to an extension contract prior to the contract of December 24, 1957, with Rossi and that they talked it over. We quote from Hiatt's testimony in reference to this subject matter: "Q. And could you tell us now what was said between you and Hackett about an extension? A. Well, I went over there and talked to him, and told him I would like to sell the timber to Rossi. And he talked it over with me quite a little while about it, and then he said he would consider it. Well, I am ahead of my story on it anyway. But anyway my intentions was [sic] if he said no I would move right in and log it right then, right in his backyard. Q. Did you tell him that? A. Yes, I told him that I would log it." And on cross-examination: "Q. Mr. Hiatt, did you ever tell Mr. Hackett that you entered into the agreement of December 24, 1956, with Mr. Rossi? . . . Q. 1957. I am sorry. May the record show a correction to 1957? . . . A. I told Mr. Hackett; yes." Of course, this testimony does not show any direct representation was made to Rossi by the Hacketts that they would grant him an extension. However, the Hacketts knew that Rossi was in the picture, and the court could infer that the Hacketts knew he would be the one who would log the land.

█ The Hacketts also contend that there was no evidence to support the finding that ". . . Rossi tendered to Hacketts the sum of $1,000.00 on account of the $1,000.00 payment which Hiatts were required to make under the terms of the said extension contract, and Rossi further tendered to Hacketts the sum of $600.00 on account of the monthly payments required by said extension contract for monthly extensions." The tender was made by Rossi's son, who was authorized to deal with the Hiatts and the Hacketts. This tender

was made after the Hacketts' purported termination of the Hiatts' rights under the extension contract. It was made before August 31, 1958, which was during the time extensions could be made on a monthly basis, and also after the time the Hacketts returned the Hiatts' $1,000 check and advised them that all their rights, title and interest in the timber had terminated for failure of a consideration. The record shows that at the time the extension contract was executed the Hiatts delivered to the Hacketts a check drawn on the Bank of America National Trust and Savings Association for the sum of $1,000. Three days later they telephoned the Hacketts and asked that they hold the check for a few days and not deposit it. Thereafter three or four like requests were made that the check be held for a few days longer. There is substantial evidence to show that these requests were granted. However, on April 23, 1958, the Hacketts returned the check to the Hiatts of their own volition and advised them of the termination of the contract. They did so without ever presenting the check to any bank for payment. Thus, the trial court could reasonably infer that the Hacketts waived their right to the immediate payment of the $1,000 consideration and that therefore the tender made by Rossi was timely.

 Where a vendor of timber rights by his acts interferes with, or prevents the vendee's removal of the timber within the time allowed by the agreement the relief granted herein is proper. (*Hill* v. *State Box Co.*, 114 Cal.App.2d 44 [249 P.2d 903] ; *Mallett* v. *Doherty*, 180 Cal. 225 [180 P. 531, 15 A.L.R. 19].) The complaint alleges, the record discloses, and the trial court found that Rossi was reluctant to remove the timber in the face of the objections by the Hacketts because of the risk of incurring liability for treble damages. This fact is sufficient to bring the case within the above-announced rule.

Other points presented in the briefs require no discussion. The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.