[Civ. No. 24314.   First Dist., Div. One.   June 21, 1968.]

J. WAYNE HIGSON, Plaintiff and Appellant, v. MONT-GOMERY WARD & CO., INC., Defendant and Appellant.

---

*Assigned by the Chairman of the Judicial Council.

336

M. F. Hallmark and Edward G. Brown for Plaintiff and Appellant.

Thiel, Wallace & Bolton and Adrian Thiel for Defendant and Appellant.

ELKINGTON, J.—Plaintiff J. Wayne Higson appeals from an order granting defendant Montgomery Ward & Co., Inc. (herein called "Ward") a new trial. Ward cross-appeals from a judgment for $10,000 which was entered in favor of plaintiff after a court trial.

We shall first consider plaintiff's appeal.

The trial court specified that the new trial was

granted on the ground of insufficiency of the evidence to justify the decision. Plaintiff urges, among other things, that the order is void because the trial court, although properly stating the ground of the order, did not state its *reasons* as required by Code of Civil Procedure section 657, as amended in 1965. It is conceded by Ward that the trial court did inadvertently fail to state its reasons for granting the new trial.

As amended in 1965, and as pertinent here, Code of Civil Procedure section 657[1] provided: ''When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated. . . . [¶] . . . and if the motion is granted [it] must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. . . . [¶] On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.''

■ Recently the Supreme Court in *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], construed for the first time the 1965 amendments to section 657. That case holds that the provisions of section 657, as amended in 1965, requiring specification of not only the grounds but also the reasons for granting a new trial, are mandatory and must be strictly followed, and that inferences may not be drawn to

---

[1] Section 657 was again amended in 1967,

338

establish such grounds or reasons. ■ Where the ground specified by the trial court is "Insufficiency of the evidence to justify the . . . decision" (§ 657, subd. 6), failure to state the reasons is fatal to the new trial order insofar as it is granted on that ground. An appellate court may, however, look to the record "to find support for any *other* ground stated in the motion, and [affirm] the order on such a ground." (P. 119.)

■ In the case before us, in addition to "Insufficiency of the evidence to justify the . . . decision" the only grounds relied upon by Ward were "that the decision is against the law" and "error in law occurring at the trial and excepted to by the party making the application." It is contended by Ward that the new trial order is supported on these two last mentioned grounds.[2] However, as we find no support in the record for granting a new trial on either of such grounds, the order must be reversed.

We turn now to a consideration of defendant Ward's appeal from the judgment.

The trial court found, among other things, that King Parker, Jr., and Arroyo Nueces Investment Company[3] (hereinafter called Arroyo) were agents of Ward, and as such were authorized to enter into an agreement with plaintiff for compensation for his services as a real estate broker. The court also found that plaintiff's cause of action was not barred by the provisions of Civil Code sections 1624 and 2309. Ward, as will be seen, contends that these findings are not supported by the evidence.

■ As has been frequently stated, when a finding of fact is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, to support the finding of fact. (*Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784 [59 Cal.Rptr. 141, 427 P.2d 805].) We therefore, although the evidence is in conflict, state the facts as they tend to support the court's findings.

Ward wished to purchase an entire city block (herein called "Ward block") consisting of 17 separately owned parcels. It was important that all of the property be acquired. King

[2]Ward's argument here is substantially the same as that urged on its appeal from the judgment, hereinafter discussed.

[3]These parties were also defendants below, but no judgment was entered against them. They are not parties to this appeal.

Parker, Jr., was orally employed as its real estate broker for that purpose. Ward was concerned only with the gross price of the property, the details being left to Parker who had complete discretion in carrying "out the mechanics of [the] various transactions." His authority was general and related to the acquisition of the whole block. Separate authority as to each parcel was neither necessary, nor given. Ward knew that Parker was entering into contracts on its behalf for the purchase of real estate and for the payment of real estate brokers' commissions. It was aware of Parker's actions and it approved them.

Parker had been successful in acquiring for Ward all but one of the parcels making up the Ward block. Plaintiff Higson had been employed by Parker as broker on two of these parcels and had received commissions for his services. All of the transactions were handled by Parker through defendant Arroyo, which was a "nominee" of Ward and Parker. The property was acquired in its name for the purpose of keeping the name of the true buyer, Ward, undisclosed.

The one remaining parcel was owned by the Harmon estate. The estate was not interested in selling, but indicated a willingness to make a tax-free exchange for acceptable income property. Parker thereupon submitted numerous proposals for such an exchange but they were all turned down. He then went to plaintiff, told him "that we needed an income property to trade for the Harmon estate parcel" and asked for his cooperation trying to find such a property.

Plaintiff found a piece of property owned by Mr. and Mrs. Milton. Another broker, Fred Johnson, had an exclusive listing of this property for sale at approximately $160,000. After agreeing with Johnson that any commission would be split three ways—between plaintiff, Johnson and a third party—plaintiff offered the property to Parker as being available for sale. Parker in turn submitted the property to the Harmon estate for trade for the estate's property. He was told it would be acceptable on condition that a tenant be found that would produce enough income for the estate.

On November 29, 1963, Parker delivered to plaintiff an offer (called "Deposit Receipt"), under the terms of which Arroyo offered to purchase the Milton property for $160,000. The offer was "conditional on the satisfactory completion of lease negotiations now in progress with the prospective tenant of the undersigned." With the "Deposit Receipt" Parker delivered the following letter to plaintiff:

"November 29, 1963

"Mr. Wayne Higson
1404 Franklin St.
Oakland, California

Dear Mr. Higson:

In regard to the offer submitted to you by our agent, Mr. King Parker, Jr., on the property now in the name of Milton et al, please be advised that upon completion of this transaction, that is, the sale, trade or leasing of the property described in the Deposit Receipt, we will pay you the sum of $15,000 as commission for handling this portion of the transaction.

Yours very truly,

ARROYO NUECES INVESTMENT COMPANY, INC.

[S] C. M. Simonis, Secretary"

C. M. Simonis was Parker's secretary. He had dictated the letter to her.

Plaintiff, through Johnson, submitted the offer to the Miltons who turned it down because of its "lease condition."

On December 9, 1963, Parker delivered a new "Deposit Receipt" with a $5,000 deposit to plaintiff for submission to the Miltons. The offer was for the same price but the lease condition was omitted. It recited "Commission to be paid by the Buyer as per separate agreement." It was admitted that the commission agreement of November 29, 1963, also applied to this offer. The December 9, 1963 offer was unconditionally accepted by the Miltons. They placed their deed in escrow and otherwise did everything on their part to be performed. However, the balance of the purchase price was never paid by Arroyo, Ward or Parker. After the time for closing the deal had expired the Miltons took back their papers and the $5,000 deposit was forfeited to them. Plaintiff had done everything required of him under the contract and commission agreement of December 9, 1963.

Defendants contended that the transaction was not closed because timely arrangements could not be made for leasing the Milton property as required by the Harmon estate. Parker testified that plaintiff had been informed and had agreed that if there were no lease the deal could not close and there would be no commission. Plaintiff testified that the lease condition of the first offer was never discussed with him and that he was not told that a satisfactory leasing arrangement was a condition of the purchase or of his commission. He said he did not

know until several weeks after the escrow following the second offer had been opened that the Harmon estate had insisted upon a satisfactory lease of the premises. We must, of course, on this appeal accept the version of plaintiff. (See *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc., supra,* 66 Cal.2d 782, 784.)

Some months later Ward purchased the Milton property at an increased price. The transaction was handled through the broker, Johnson, who received a $5,000 commission. Plaintiff heard about the sale and talked to Parker. Parker stated that the seller wanted all of the available $175,000 that Ward would pay, and ''if the [seller] wants all that money, I don't know where you come into the picture.''

Having taken title to the Milton property through its agents, Ward traded it for the Harmon estate parcel, thereby acquiring the whole of the desired Ward block.

Parker testified that Ward was aware of his actions in the Milton transaction and that it approved his handling of the final escrow. He explained the reason why the December 9, 1963 contract was not consummated. He said that the buyer had 90 days to close the transaction and ''we were willing to gamble $5,000 [the deposit] to tie up this property for this length of time, believing that we could conclude the lease negotiations during this time.'' Plaintiff, as indicated, denied any knowledge of this intention.

Ward's first contention is that it did not orally, or in writing, authorize Arroyo or Parker to agree to pay a commission to plaintiff. It is conceded that there was no written authorization. However, the evidence shows, without conflict, that Ward gave Parker complete discretion in handling the various transactions necessary in the purchase of the needed 17 parcels of property and that Ward left the details completely to Parker; although Ward was only concerned with the gross price of the property, it knew indirectly that Parker was paying real estate commissions. This evidence was clearly sufficient to support a finding of such an *oral* authorization to pay plaintiff's commission.

Next, Ward urges that even if such oral authorization was given it cannot be relied upon by plaintiff because of the provisions of Civil Code sections 1624 and 2309. Section 1624, subdivision 5, states that an ''agreement . . . employing . . . an agent [or] broker . . . [to] find a . . . seller of real estate . . . for . . . a commission'' is invalid unless it ''is in writing and subscribed by the party to be

charged or by his agent.'' Section 2309 provides ''that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing.'' This latter section expresses the ''equal dignity of agent'' rule.

It is stated in *Refinite Sales Co. v. Fred R. Bright Co.*, 119 Cal.App.2d 56, 61 [258 P.2d 1116], that there ''are certain recognized exceptions to this equal dignity of agent rule'' and that such an exception exists where the principal is *estopped* to deny liability for the act of his agent.

We have concluded that the trial court's finding that plaintiff's claim was not barred by the statute of frauds was supported by the principle of estoppel. ██ Such an estoppel need not be pleaded where, as here, a plaintiff in whose favor it exists is without knowledge that his claim must ultimately rest on it. (See *Crittenden* v. *McCloud*, 106 Cal.App.2d 42, 47-48 [234 P.2d 642]; *Brenneman* v. *Lane*, 87 Cal.App. 414, 417-418 [262 P. 400].) Although the trial court must make a finding on the issue of estoppel whenever its decision is based thereon, a finding on this issue will be deemed sufficient if it recites facts from which an estoppel must necessarily flow. (*Corporation of America* v. *Durham etc. Co.*, 50 Cal.App.2d 337, 342 [123 P.2d 81].) The trial court's findings recite such facts.

██ Here plaintiff's commission agreement with Ward's agents had been fully performed by him. Ward, with complete knowledge of the circumstances, received the benefits resulting from its oral authorization to Parker to 'buy the Ward block. It had also received the immediate benefit of the commission agreement; it was thereby given an opportunity to buy the Milton property and it was able to tie up that property for 90 days while trying to negotiate a lease. Under such circumstances it would be inequitable to allow Ward to repudiate Parker's agreement. It is settled law that a principal in such a situation is estopped to deny liability under its agent's agreement. (See *Berry* v. *Maywood Mut. Water Co. No. One*, 13 Cal.2d 185, 190 [88 P.2d 705]; *Dougherty* v. *Caifornia Kettleman Oil Royalties, Inc.*, 9 Cal.2d 58, 81 [69 P.2d 155]; *Realty Corp. of America, Inc.* v. *Burton*, 162 Cal.App.2d 44, 57 [327 P.2d 948]; *Dean* v. *Davis*, 73 Cal.App.2d 166, 168-169 [166 P.2d 15]; *Gularte* v. *Martins*, 65 Cal.App.2d 817, 820 [151 P.2d 570]; *Marr* v. *Postal Union Life Ins. Co.*, 40 Cal. App.2d 673, 679 [105 P.2d 649]; *Laack* v. *Dimmick*, 95 Cal. App. 456, 466-467 [273 P. 50]; *Gladium Co., Inc.* v. *Thatcher*, 95 Cal.App. 85, 91 [272 P. 340]; *Brenneman* v. *Lane, supra,*

343

87 Cal.App. 414, 417; *Butler* v. *Solano Land Co.*, 46 Cal.App. 171, 174-175 [188 P. 1019]; *Armour & Co.* v. *Rosenberg & Sons*, 36 Cal.App. 773, 777-778 [173 P. 404]; *Newhall* v. *Joseph Levy Bag Co.*, 19 Cal.App. 9, 26 [124 P. 875]; *West* v. *Will C. Prather & Co.*, 7 Cal.App. 81, 83 [93 P. 892].)

■ Another contention of Ward is that the $5,000 commission finally paid to the broker Johnson was accepted by him in full satisfaction of plaintiff's claim. In this regard the trial court found "That plaintiff was cooperating with two other real estate brokers in a joint venture in the transactions referred to herein, one of whom was named FRED JOHNSON. That the defendants paid FRED JOHNSON the sum of $5,000.00 and the defendants are entitled to a $5,000.00 setoff against the $15,000.00 claim referred to herein. . . . That FRED JOHNSON did not accept the $5,000.00 referred to herein for the services of the joint venture in the transaction referred to herein but only accepted the $5,000.00 for services he had rendered the defendants. That FRED JOHNSON did not accept said $5,000.00 in full settlement of the claim of plaintiff and the joint venture against the defendant 'WARDS.' " We conclude that this finding is supported by the evidence.

Johnson did not testify. Ward's contention is based solely on the following testimony of Parker: "Q. Did Mr. Johnson ever have any additional conversation with you in which he made any, said anything about, the commission arrangement in the prior escrow? . . . A. We discussed this with Mr. Brockwell. He informed me that he was speaking on behalf of his partners and that this was acceptable, and what he did with his $5,000, I—— THE COURT: You discussed it with Mr. Brockwell? THE WITNESS: Mr. Brockwell was present, yes, and Mr. Johnson and myself, at this conference, latest conference at the United California Bank, and there was some concern, and Mr. Johnson said, 'I will take care of that.' "

■ The burden of establishing an accord and satisfaction rests upon the defendant. (*Metro* v. *Dickerson*, 131 Cal.App. 2d 106, 109 [280 P.2d 25].) Whether it is established is ordinarily a question of fact to be determined by the trial court. (*Metro* v. *Dickerson*, *supra*, p. 109; *Kinkle* v. *Fruit Growers Supply Co.*, 63 Cal.App.2d 102, 114 [146 P.2d 8].) It has been held that " 'the debtor *must make it clear* that acceptance of what he tenders is subject to the condition that it shall be in full satisfaction.' " (Italics added.) (*Grayhill Drilling Co.* v. *Superior Oil Co.*, 39 Cal.2d 751, 754 [249 P.2d 21].) The courts have elsewhere stated that the intent that payment be

in full satisfaction must be indicated "unequivocally" with an "explicit statement". (*Messer* v. *Tait's, Inc.*, 121 Cal.App. 698, 700-701 [9 P.2d 536]), " 'in express terms' " (*Biaggi* v. *Sawyer*, 75 Cal.App.2d 105, 113-114 [170 P.2d 678]), and that it "must clearly appear" (*Meyer* v. *Cowell Lime etc. Co.*, 21 Cal.App. 602, 605 [132 P. 611]).

█ Certainly it may not be said that the trial court must necessarily, and as a matter of law, conclude from Parker's testimony that Johnson took the $5,000 in *full satisfaction* of plaintiff's claim. And under the circumstances here in the light of Parker's interest in the outcome of the case, the trial court could properly, without arbitrariness, have rejected entirely the uncontradicted testimony in question. █ "The trier of the facts is the exclusive judge of the credibility of the witnesses. (Code Civ. Proc., § 1847.) While this same section declares that a witness is presumed to speak the truth, it also declares that 'This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony . . . or his motives, or by contradictory evidence.' . . . [I]n passing on credibility, the trier of the facts is entitled to take into consideration the interest of the witness in the result of the case. (See cases collected 27 Cal.Jur. 180, § 154.) Provided the trier of the facts does not act arbitrarily, he may reject *in toto* the testimony of a witness, even though the witness is uncontradicted. [Citations.]" (*Hicks* v. *Reis*, 21 Cal.2d 654, 659-660 [134 P.2d 788]; see also Witkin, Cal. Evidence (2d ed. 1966) pp. 1027-1032.)

Also assigned as error is the trial court's failure to make two special findings as requested by Ward.

█ The first request was for a finding whether or not Ward gave written authorization to Parker or Arroyo to agree to pay a commission to plaintiff. It was conceded at the trial that such written authorization was not given. Such a finding was therefore not required. (*Rossi* v. *Hackett*, 190 Cal.App.2d 400, 406 [12 Cal.Rptr. 12].) And as the court did make findings sufficient to support an estoppel to deny such authorization, such a special finding as to authority is not necessary to support the judgment. █ Where the findings made by the court dispose of an issue, requested specific findings relating to the same issue need not be made. (*Blackburn* v. *Allen*, 218 Cal.App.2d 30, 35 [32 Cal.Rptr. 211]; *Santos* v. *Wing*, 197 Cal.App.2d 678, 683 [17 Cal.Rptr. 457].)

█ The second requested finding dealt with whether or not the broker Johnson had authority to bind plaintiff. Here the court, on substantial evidence, found that Johnson did not

in fact bind plaintiff and that he did not accept the $5,000 in satisfaction of services rendered by the joint venture or by plaintiff. This finding disposed of the issue of accord and satisfaction, making Ward's requested finding unnecessary. (See *Blackburn* v. *Allen, supra*; *Santos* v. *Wing, supra*.)

Ward's final contention is: "The commission letter, by its own terms, is restricted to a transaction which never occurred."

The argument here is that the commission was to be paid "upon the completion of the transaction." The transaction to which the commission agreement referred, the contract of December 9, 1963, was never consummated. Hence, it is insisted that by the terms of the agreement no commission was payable.

In 9 Cal.Jur.2d 272, it is stated that, "Even though a broker's contract provides that his commission is payable only when the transaction is actually completed, if the transaction fails of consummation solely through the fault of the [principal], the broker is nevertheless entitled to his commission. Under such circumstances the condition upon which payment was made contingent is excused." This rule has been consistently reiterated by the appellate courts of this state. (See *Realty Bonds etc. Co.* v. *Point Richmond etc. Co.,* 171 Cal. 238 [152 P. 433]; *Lawrence Block Co.* v. *England,* 211 Cal.App.2d 318, 325 [27 Cal.Rptr. 362]; *Turner* v. *Waldron Realty,* 209 Cal.App.2d 376, 385 [25 Cal.Rptr. 771]; *Kaufmann* v. *Nilan,* 207 Cal.App.2d 1, 9 [24 Cal.Rptr. 225]; *Diamond* v. *Huenergardt,* 175 Cal.App.2d 214, 222 [346 P.2d 37]; *Stoll* v. *Mallory,* 173 Cal.App.2d 694, 698 [343 P.2d 970].) Ward's final contention is without merit.

The order granting defendant Montgomery Ward & Co., Inc., a new trial is reversed; the judgment in favor of plaintiff is affirmed.

Molinari, P. J., and Sims, J., concurred.